### FALLS WIRE MANUF'G CO. *v.* BRODERICK.

*(Circuit Court, E. D. Missouri.   March, 1881.)*

1. REMOVAL—COUNTER CLAIM—AMOUNT IN DISPUTE—ACT OF MARCH 3, 1875.

The claim of the plaintiff, and not the counter claim of the defendant, should fix the amount in dispute, in determining the right to remove a cause from the state court under the act of March 3, 1875.

*Clarkson* v. *Manson,* 4 FED. REP. 257, *contra.*—[ED.

Motion to Remand.

*Louis R. Tatum,* for plaintiff.

*Noble & Orrick,* for defendant.

TREAT, D. J. The plaintiff, an Ohio corporation, brought suit in the state circuit court for less than $300, the defendants being citizens of Missouri. The defendants appeared (February 8th) and filed an answer and counter claim. The counter claim is based on an alleged contract in writing, for the non-performance of which the defendants have sustained damages (unliquidated) in the sum of $1,000. No written contract was filed, or *profert* thereof made. On the following day the defendants filed a petition for the removal of the cause to this court. Under the act of March 3, 1875, the defendants, though citizens of Missouri, had a right to the removal, the plaintiff being a

citizen of another state, provided the amount in dispute exceeds $500. The plaintiff claims less than $500, but the defendants, by way of counter claim, demand $1,000. The Missouri statute requires that the written contract on which such counter claim is based should be filed; and under the more recent decisions of the supreme court of Missouri, if not filed, a motion to dismiss, etc., would lie. But the defendants having filed their answer and counter claim on February 8th, but not the written contract, appeared next day, February 9th, with petition, etc., for removal to this court, an order for which was duly granted. The act of 1875 provides for the removal of a civil suit "where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, * * * in which there shall be a controversy between citizens of different states." Hence the parties are within its terms as to citizenship. Are they as to the amount in dispute? Judge Blatchford has recently held, (*Clarkson v. Manson,*[*]) in a case similar to this, that, although the plaintiff's demand was for less than $500, yet as the defendant's counter claim for judgment over was for more than $500, the cause was removable. If that be a true interpretation of the act, the door for removals is wide open, whenever a defendant, for purposes of delay or otherwise, chooses to interpose a counter claim for more than the prescribed sum; thus drawing into United States courts the trial, through the device of a counter claim, of any cause in which the amount claimed by plaintiff, although less than $500, is to be determined. It may be, on the other hand, that the original demand in the state court is for a small sum, while the real dispute involves thousands of dollars. How shall a United States court avoid fraud on its jurisdiction on one hand, and preserve the just right of removal on the other? Must it await the final outcome, and then render judgment as the facts may require, pursuant to the terms of section 5 of the act of 1875, by remanding or dismissing?

An important inquiry in this case arises under section 6 of said act, viz.: "That the circuit court of the United States

[*]Reported in 4 FED. REP. 257.

shall, in all suits removed under the provisions of this act, proceed therein as if the suit had been originally commenced in said circuit court, and said proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal." The purpose of this section is, obviously, that all proceedings after removal shall be as if the suit was originally brought in the United States circuit court, and all had in the state court before removal shall stand on the same footing. Hence, when the answer and counter claim were filed, February 8th, in the state court without the alleged contract in writing, the plaintiff could have interposed a motion for dismissal; but, as the case was removed to this court before opportunity given for such motion, his right to do so still remains. Suppose such a motion interposed here and sustained, what would be the *status* of the case? Under section 5 no dismissal of the case should be had, for the plaintiff would not be at fault. If the counter claim is dismissed, and the case remanded after such dismissal, what effect would such dismissal have, jurisdictionally, it being rendered by a court that had thus decided its own want of jurisdiction in the premises? The act of congress (section 5) provides that when it shall appear to the United States circuit court that the dispute is not properly within its jurisdiction, it "shall proceed no further therein, but shall dismiss the suit, or remand it," etc.

Hence, it seems that the first inquiry, on proper motion, is to ascertain whether on the papers, as transmitted to this court, it will remand, sustain a motion to dismiss the counter claim, or will permit the defendants here to do what should have been done in the state court. Under the later rulings of the Missouri supreme court the counter claim is subject to dismissal on motion. If such a motion is made and granted, the case will have to be remanded. The anomalous position the case will then occupy in the state court cannot be avoided.

The judgment of this court for dismissal of counter claim, if its jurisdiction is to be thus determined, may or may not prevent the state court from allowing the same to be re-in-

stated and the filing of the written contract. All this court will have decided is that the motion to dismiss the counterclaim is sustained, whereby it will have decided that it has no jurisdiction of the case, and that the same should be remanded at defendant's costs. If the motion to remand, in the present state of the record, is overruled, then, under section 5 of the act of 1875, it may appear, through proper motions, that this court has not properly jurisdiction of the case, and the order to remand may hereafter be granted. The supreme court of Missouri has held that under the state practice act *profert* is not necessary; and that advantage of the non-filing of a written contract must be taken by motion. If a case is removed to this court, without opportunity for making such a motion in the state court, and such motion is made here, will this court permit such contract to be filed here, and thus give the case here a position, jurisdictionally, different from what it had when removed? Can the removing party thus obtain jurisdiction, or escape the consequences of his position in the state court? Must he not abide by the record as it stood? Or may he assume that, as no motion to dismiss was made before removal, the case here has the same *status* as if the contract had been filed before removal? These difficulties are suggested with a view of determining the true meaning of the statute as to the amount in dispute. Under the act of 1789, the defendant, on entering his appearance, had to then file his petition for removal, and there is a long line of decisions that the amount was to be determined by plaintiff's demand. Indeed, no other criterion could be had in the then state of the record. Since then various acts of congress have granted permission to remove at other stages of the proceedings, but none has changed the rule as to the amount in dispute, or the rule by which it is to be ascertained, unless the adoption of the state practice has so done under the acts of 1872. The rules of law, as established before state practice as to counter claims existed, are familiar. Is it to be supposed that the uniform rulings of the United States court were intended to be overturned, as to removals,

v.6,no.7—42

by the act of 1872, independent of all the statutes and decisions concerning the removal of causes?

While the practice acts of the state may prevail as to pleadings, etc., under the United States act of 1872 they cannot enlarge or change the United States acts concerning removal of causes from state courts. The amount in dispute still continues to be what plaintiff claims, and not what by counter claim the defendant may demand.

Motion to remand sustained.