**COLLINS et al. v. FAUCETT.**

Civ. No. 371–P.

United States District Court
N. D. Florida, Pensacola Division.

Nov. 21, 1949.

James B. Watson of Watson & Brown, Pensacola, Fla., for plaintiffs.

Raymond A. Hepner, of Fisher, Fisher, Hepner & Fitzpatrick, Pensacola, Fla., for defendant.

DE VANE, District Judge.

This cause of action was originally brought by the plaintiffs in the Court of Record for Escambin County, Florida to recover damages by the wife in the sum of $2,500 and by the husband in the sum of $1,000. The suit was instituted December 1, 1948. Service was finally perfected upon the defendant and defendant, though counsel, under date of August 1, 1949, filed his appearance as required by State law. Under date of August 12, 1949 defendant filed a motion for stay of the proceeding, under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, as amended, 50 U.S.C.A.Appendix, § 501 et seq. On September 22, 1949 defendant filed pleas to the declaration and at the same time filed a counterclaim against plaintiffs in the sum of $3,500, growing out of the same cause of action. On the same date defendant filed a petition for the removal of the cause of action to this court, asserting the counterclaim as the basis for his right to remove the action to this court. Plaintiffs have filed a motion to remand the case to the State court and the matter is now before this court on said motion.

Prior to the revision of Title 28 of the United States Code, which became effective on September 1, 1948, there was conflict in the decisions of the courts as to the right of a defendant to remove a cause of action from a State court to a Federal court based solely on the counterclaim of a defendant. Defendant contends that the ambiguity in the law as it existed prior to the amendment was not removed by the amendment; that the greater weight of authority prior to the amendment supported the right of a defendant to remove his cause of action to a Federal court based solely upon his counterclaim and that this court should follow the greater weight of authority on this question. The court is unwilling to do so. It seems obvious to this court that the members of Congress, in charge of the revision of Title 28, were fully aware of the conflict in the decisions of the courts on this question and, in fact, they say so in the Reviser's Notes to Section 1441. If Congress had desired to grant to a defendant the right to remove a case from a State court to a Federal court based solely upon a counterclaim it could have, and undoubtedly would have, done so in clear unambiguous language. The Section gives no such right to a defendant and the court finds and holds that a defendant has no such right under the law.

An appropriate Order will be entered remanding this case to the State court.