## McLEAN TRUCKING CO. v. CAROLINA SCENIC STAGES, Inc. et al.

United States District Court
M. D. North Carolina.

Jan. 30, 1951.

Deal & Hutchins, Winston-Salem, N. C., for plaintiff.

Womble, Carlyle, and Martin & Sandridge, Winston-Salem, N. C., for defendant.

HAYES, District Judge.

The state court of North Carolina acquired jurisdiction of the cause of action alleged to exist between the plaintiff and the defendant. Although the accident occurred in South Carolina, the plaintiff, by filing complaint and the service of summons and complaint on defendant, conferred jursdiction on the state court to judicially determine the liabilities of the parties growing out of the collision. The law of North Carolina is well settled in cases of this character that the defendant must assert his counter-claim in the original action or be forever barred and that the defendant cannot split the one cause of action by defending against the one brought by the plaintiff and then institute a separate suit elsewhere to recover damages to him arising out of the same collision. It is the law of North Carolina that a second action involving the same cause existing in a

438

prior action must be dismissed. Allen v. Salley, 179 N.C. 147, 101 S.E. 545. It is not optional with the defendant. Once the court acquires jurisdiction of such a cause of action, the same cause of action cannot be litigated elsewhere. Dwiggins v. Parkway Bus Co., 230 N.C. 234, 52 S.E.2d 892. The court is not confined to the allegations of the complaint and a dismissal of the second cause of action will be made upon a plea supported by proof.

■ Under the North Carolina law which is controlling here on the remedy, this defendant is not allowed to sue in another court for his damages arising out of the collision constituting the cause of action in the pending action. This being the law of North Carolina, the defendant, having sustained damages in the collision which the defendant in good faith asserts against the plaintiff and amounting in excess of $30,000.00, exclusive of interest and cost, and arising out of the same collision, caused the pending litigation to be moved to the federal court and filed its answer denying negligence against plaintiff and praying judgment against the plaintiff in the sum of $30,000.00.

Thereafter this defendant sued the plaintiff in South Carolina for damages in the sum of $50,000.00 on the same cause of action which is made the basis of removal and its asserted counter-claim.

The defendant is a citizen and resident of South Carolina while the plaintiff is a citizen and resident of North Carolina. The controversy between these parties exceeds the requisite $3000.00 exclusive of interest and cost if the counter-claim can be considered.

Plaintiff here moved to remand this action to the state court contending that the amount in controversy is the amount alleged in good faith in the complaint, and relies on Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524; Moore's Commentary on the U. S. Judicial Code 1949 at 0.03(37) page 252; 45 American Jur. § 29, page 828; 54 American Jur. § 54, pages 708, 763; Enger v. Northern Finance Corporation, D. C., 31 F.2d 136; Crane Co. v. Guanica Centrale C.C., 132 F. 713; Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036 and Haney v. Wilcheck, D.C., 38 F.Supp. 345.

It may be conceded in this case that the above authorities sustain the position of the plaintiff generally and in cases where the counter-claim is optional. Those authorities are not controlling, however, where, as here, the cause of action is one and inseparable, where the claim of defendant, if asserted at all, must be asserted in the first action. Lee v. Continental Ins. Co., C.C., 74 F. 424; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911. The reasoning in Yankaus v. Feltenstein, supra, is not in conflict with this view.

The motion to remand is denied and the defendant will be restrained from prosecuting a claim arising out of this collision against plaintiff in any other forum.