## LEE FOODS DIVISION, CONSOLIDATED GROCERS CORP. v. BUCY.

### No. 671.

United States District Court,
W. D. Missouri, St. Joseph Division.

June 19, 1952.

John W. Newhart of Latham & Newhart, Savannah, Mo., Henry G. Eager of Blackmar, Newkirk, Eager, Swanson & Midgley of Kansas City, Mo., for plaintiff.

Theodore M. Kranitz of Kranitz & Kranitz of St. Joseph, Mo., for defendant.

DUNCAN, District Judge.

The legal question involved in this controversy is apparently one of first impression, and has not heretofore been before the court in so far as the parties to the action and the court have been able to determine.

The cause of action was instituted by the non-resident plaintiff in a Magistrate's Court of Andrew County, Missouri, by filing with the clerk of that court on March 2, 1952, a statement of account in the sum of $402.13. Service was duly had on the defendant Raymond W. Bucy in accordance with the laws of the state.

Thereafter on March 26, 1952 the defendant filed application and affidavit for change of venue from the Magistrate's Court, and in accordance with § 517.520, RSMo 1949, V.A.M.S. the Magistrate certified and transferred the case to the Circuit Court of Andrew County, Missouri, where it was duly docketed.

Under the laws of the State of Missouri, where there is but one magistrate in any county, a change of venue taken from said magistrate requires the certification of the cause to the Circuit Court.

Thereafter on April 3, 1952 defendant filed and caused to be served upon the plaintiff, an answer and counterclaim in two counts. Count I alleges a claim against the plaintiff on account of an alleged publication by the plaintiff of purported false and libelous words contained in an alleged advertisement appearing in the Savannah Reporter and Andrew County Democrat, newspapers, and fixes damages at the sum of $20,000.

Count II of the counterclaim claims damages against the plaintiff because of the breach of an alleged contract, constituting and recognizing the defendant as the exclusive agent, seller and dealer for plaintiff's products and merchandise in Savannah, Missouri, and seeks damages on account thereof, in the sum of $15,000.

Thereafter, and within the time fixed by law, plaintiff caused the case to be removed to this court. The defendant has filed Motion to Remand, and that is the question now before the court.

It is the contention of the defendant that under § 1441, Title 28 U.S.C.A. only a defendant or defendants may remove a case from a state to a federal court. Plaintiff contends that under subsection (c) of the above statute, a plaintiff under circumstances recited in this case, may avail itself of the jurisdiction of the United States Courts by removal. The subsection provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is conceded by the plaintiff that prior to the addition of this subsection to the removal statute by the revision of the Code in 1948, a non-resident plaintiff who had availed itself of the jurisdiction of a state court, could not thereafter remove such case to the Federal court upon the filing by a defendant or defendants of a counterclaim involving an amount of $3000 or more.

With the exception of a comparatively short period of time, the removal statute has limited the right to remove to non-resident defendants since the Judiciary Act of 1789.

"During the period from 1875 to 1887 the statute governing removals, 18 Stat. 470, 28 U.S.C.A. § 71 note, specifically gave to 'either party' to the suit the privilege of removal. At all other periods since the adoption of the Judiciary Act of 1789 the statutes governing removals have in terms given the privilege of removal to 'defendants' alone, * * *." Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214.

There was one exception to this rule. This was in the amendment of 1867, 14 Stat. 558, when there was added to the statute the additional ground of removal for prejudice and local influence. Under this provision, either party was granted the right to remove.

Prior to 1941 some courts had held that a plaintiff under such circumstances as described in this case, had the right to remove. They held in effect that a plaintiff became a defendant insofar as the jurisdictional amount was concerned, and permitted the cause to be removed.

But this question was definitely settled by the Supreme Court of the United States in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. In that case the facts were almost identical with the facts involved here * * * a non-resident plaintiff had instituted suit in the state court against a resident defendant in an amount not sufficient to confer jurisdiction on the Federal court. Thereafter the defendant filed counterclaim for an amount in excess of the jurisdictional amount, and the plaintiff sought

404

to remove. The District Court denied the motion to remand, the case was tried, and on appeal the Fifth Circuit 115 F.2d 880, reversed the District Court, and on certiorari to the Supreme Court of the United States, the action of the Court of Appeals was affirmed. The court stated:

"We granted certiorari March 10, 1941, 312 U.S. 675, 61 S.Ct. 739, 85 L. Ed. [1116], to resolve the conflict of the decision of the court below and that of Waco Hardware Co. v. Michigan Stove Co., 5 Cir., 91 F. 289; * * *."

and other cases cited, 313 U.S. loc. cit. 103, 61 S.Ct. 869, 870, 85 L.Ed. 1214. The court cited with approval, West v. Aurora City, 6 Wall 139, 18 L.Ed. 819, stating:

" * * * this Court held that removal of a cause from a state to a federal court could be effected under § 12 only by a defendant against whom the suit is brought by process served upon him. Consequently a non-citizen plaintiff in the state court, against whom the citizen-defendant had asserted in the suit a claim by way of counterclaim which, under state law, had the character of an original suit, was not entitled to remove the cause. The Court ruled that the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."

In that case the court determined that the plaintiff had no right of removal. That case definitely settles the law, unless there is some right given, as plaintiff contends, in subsection (c) of the statute.

Section 1441 is a part of the revision of the Judicial Code of 1948. According to the revisor's note, this section is based upon the original § 71, Title 28 U.S.C. and it consolidates the removal provisions of § 71 and 114 of that title, and is intended to remove ambiguities and conflicts of decisions.

It is further stated that subsection (c) was intended to clarify conflicting judicial interpretation of the terms "separate" and "separable controversies" which had arisen under old § 71. The right of removal because of local prejudice was left out of the section, it having been the opinion of the revisors that the conditions which largely grew out of the Civil War giving rise to that provision, placed in the law in 1867, no longer existed and should not remain a part of the Act.

■ It seems to me that at no place in this section is the intention of the Congress manifested to do more than clarify and modify, and does not give to a plaintiff the right of removal which did not exist under the old section.

Plaintiff insists that if it could not have brought its claim originally in the Federal court, it ought to have the right to try the new and separate cause of action raised by the counterclaim in the Federal court, but in the absence of any statutory right to do so, the court is without jurisdiction.

■ A Federal court has only such jurisdiction as is conferred upon it by the Acts of Congress. The very first words of § 1441 are: "Except as otherwise expressly provided by Act of Congress" and then follows the limitation upon the right of removal to a defendant or defendants.

Prior to the adoption of the new Code, there were many conflicting opinions among the courts concerning the removal of causes of action where a "separate" or "separable" controversy existed. It seems to me that this section of the statute is clearly intended to refer to causes of action alleged by plaintiff.

Let's reverse the parties here and assume that the plaintiff was a resident of Missouri and the defendant a non-resident doing business in Missouri, suit had been brought for an amount less than the federal jurisdiction and a counterclaim for an amount equal to or in excess thereof, creating a separable controversy. Under the new statute, in such case the non-resident defendant might have removed the case into the Federal court, and the court have retained all or such portion of the controversy as came within its jurisdiction, and remanded the other portions to the State court, which could not have been

done under the old statute. It seems to me that that was clearly the intention of the Congress in enacting this subsection, and that it was not intended, as I have heretofore stated, to broaden the section to confer the right upon non-resident plaintiffs to remove actions to the Federal court.

The Motion to Remand is therefore sustained and the case is ordered remanded to the Circuit Court of the State of Missouri, within and for Andrew County.

It is so ordered.