**L. B. BARNES, Marvin Barnes and Denzil Barnes, d/b/a Barnes Rural Gas and Plumbing, Plaintiffs,**

**v.**

**C. O. PARKER, d/b/a Parker Construction Company, W. R. Cron, d/b/a Cron Electric Company, and Kraft Foods Company, a corporation, Defendants.**

**L. B. BARNES, Marvin Barnes and Denver Barnes, co-partners, doing business under the name of Barnes Rural Gas and Plumbing, Plaintiffs,**

**v.**

**C. O. PARKER, doing business under the name of Parker Construction Company, Defendant.**

**Nos. 1255, 1256.**

United States District Court,
W. D. Missouri, S. D.

Dec. 30, 1954.

John M. Bragg, Ava, Mo., for plaintiffs.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for defendants.

RIDGE, District Judge.

Defendant Parker has perfected removal proceedings in both of the above causes which were originally filed in the Circuit Court of Douglas County, Missouri, on the alleged ground of diverse citizenship of the parties, and requisite jurisdictional amount being involved. Although no motion to remand has been filed, we have examined each of the actions to ascertain the extent of our jurisdiction. If it appears that the removals herein were "improvident and without jurisdiction", we must *sua sponte* remand these causes to the state court. 1441(c), 28 U.S.C.A.; Pittsburgh, C. & St. L. R. Co. v. Ramsey, 22 Wall. 322, 22 L.Ed. 823; Wabash Ry. Co. v. Lindley, 8 Cir., 29 F.2d 829.

### Case No. 1255

In Case Number 1255, entitled "Action to Enforce Materialmen's Lien," plaintiffs claim that the defendants Parker and Cron are jointly indebted to them in the amount of $4,063.62, for materials furnished them in the construction of a certain building which those defendants had contracted to build for the defendant Kraft Foods Company. Service by mail was had upon both defendants Parker and Cron under Missouri state court procedure. The removal proceeding was brought in the sole name of defendant Parker.

Such removal is, and was on the face of the pleadings, improper. Since the cause of action alleged in the complaint asserts a joint liability, the petition for removal must be joined in by all of the defendants. 28 U.S.C.A. § 1446(a); Chicago, R. I. & P. R. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34; Warner v. Dunmyer, D.C., 108 F.Supp. 757. If such joinder is not clearly shown, the District Court must remand the cause *sua sponte*. Highway Construction Co. v. McClelland, 8 Cir., 14 F.2d 406. Since defendant Cron has not joined in the present removal proceeding, Cause No. 1255, supra,

must be remanded to the state court for all further proceedings.

## Case No. 1256

In Case Number 1256, an action for breach of contract is alleged. The total damages prayed for in the petition, exclusive of interest and costs, is the sum of $2,161.30. While the cause was pending in the state court, the defendant, "for the sole purpose of establishing diversity of citizenship and "establishing the requisite amount necessary to render the cause removable to the United States District Court," filed a counterclaim in the amount of $4,876.84. The petition for removal was submitted with such counterclaim.

We had thought that it was now established beyond all debate that, in determining the amount in controversy in actions sought to be removed, the Court to which removal is sought determines the question solely by looking to the amount in good faith prayed for as *damnum* in the complaint, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, regardless of subsequent events in the action; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911, and that, accordingly, if the amount therein claimed was less than the jurisdictional requirement, amounts claimed by way of counterclaim could not be considered as increasing the amount of the required sum. Falls Wire Mfg. Co. v. Broderick, C.C.Mo., 6 F. 654; Gates v. Union Central Life Ins. Co., D.C., 56 F.Supp. 149; Stuart v. Creel, D.C., 90 F.Supp. 392.

■ However, there are decisions by other District Courts, Wheatley v. Martin, D.C.Ark., 62 F.Supp. 109; Lange v. Chicago, R. I. & P. R. Co., D.C.S.D. Iowa, 99 F.Supp. 1; Rosenblum v. Trulliger, D.C.Ark., 118 F.Supp. 394, which apparently create an exception to the above rule when a counterclaim is asserted and classified as "compulsory" under the local state practice. We can agree with neither the reasoning nor the confusion which would result if such holdings are followed. To recognize such an exception is to make the federal removal practice dependent on state court procedure and will, if extended, effectively preclude attaining that orderly procedure and uniformity of practice which has been the goal of all the removal acts and which was thought to be achieved by the present statute, 28 U.S. C.A. § 1441. To do so would make the removability of an action into the federal court dependent upon the practice with respect to counterclaims in use in the particular state wherein the federal court happened to be sitting and would soon create forty-eight different tests of removability. Each federal court would be called upon to decide whether the particular counterclaims with which it is faced would be described as "compulsory" or "permissive" under the local state practice.

■ The view taken in the decisions above referred to appears to arise from the mistaken application in the Wheatley case, supra, 62 F.Supp. at page 114, of the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. We cannot agree that the various state practice codes dealing with counterclaims prescribe matters of substance binding on the federal courts under the doctrine of the Erie case. Even if we did agree, we would soon be contradicted, for the controlling Missouri decisions expressly hold that the matter is one of procedure rather than substance. Zickel v. Knell, 357 Mo. 678, 210 S.W.2d 59, 3 A.L.R.2d 1304. (This indicates the maze into which the exception recognized can lead.) Federal removal practice is purely a matter of federal law unaffected by conflicting state court decisions. Stoll v. Hawkeye Cas. Co., 8 Cir., 185 F.2d 96, 22 A.L.R.2d 899.

In addition, there is an even greater objection to following such holdings, for the practice could be used to effectively circumvent the expressed intent of Congress to restrict removability. A nonresident defendant would thus be able to bring a claim asserted against him, no matter how minute, within the jurisdiction of the federal court by merely filing

a counterclaim to the claim asserted against him.' The Federal Court would then be forced to consider the good-faith assertion of the counterclaim, before considering the merits of the cause, in order to ascertain whether it had jurisdiction to pass upon it. Thus, as long ago noted in the Broderick case, 1881, supra, 6 F. at page 655, "the door for removals is wide open" to intolerable practice. We do not feel that such a result should lightly be accepted.

■ We accordingly conclude that Cases Numbered 1255 and 1256 were improperly removed to this Court.

It is ordered that the above causes be, and the same are hereby, remanded to the Circuit Court of Douglas County, Missouri, for all further proceedings.