Donald **TRULLINGER**, Plaintiff,

v.

Morris **ROSENBLUM** et al., Defendants.

Civ. No. 2842.

United States District Court,
E. D. Arkansas, Western Division.
March 4, 1955.

Moncrief & Moncrief, Joseph Morrison, Stuttgart, Ark., Leffel Gentry, Little Rock, Ark., for plaintiff.

Edward Lester, Wright, Harrison, Lindsey & Upton, Little Rock, Ark., Feuerstein, Fleet & Feibelman, Milton C. Picard, Memphis, Tenn., for defendants.

TRIMBLE, Chief Judge.

On October 22, 1954, I prepared and filed a memorandum in this case in support of my conclusion that the motion to remand should be overruled.

After further investigation and research I have come to the conclusion that the opinion reached by me and announced in that memorandum was erroneous. In the first division of my opinion entered on October 22, 1954, reported in D.C., 125 F.Supp. 758, I went to some length to explain my reason for holding that the Removal Statute, sections 1441 to 1450, Title 28, U.S.C.A., makes no express provision whereby a counterclaim, compulsory or otherwise, filed by a defendant may give rise to the right to remove an action pending in a state court to a United States District Court. I have now reached the conclusion that my opinion should have ended with the paragraph preceding the second division of my opinion, which is identified by [No. 2]. The case relied upon by me in the second division of that opinion, Wheatley v. Martin, D.C., 62 F.Supp. 109, contained logical and convincing language and was followed at least in the cases of McLean Trucking Co. v. Carolina Scenic Stages, Inc., D.C., 95 F.Supp. 437; Lange v. Chicago, R. I. & P. R. Co., D.C., 99 F.Supp. 1; and Rosenblum v. Trullinger, D.C., 118 F. Supp. 394. The Wheatley case was cited by 76 C.J.S., Removal of Causes, § 193, p. 1058 in support of the principle laid down in that text that a so-called compulsory counterclaimant was entitled to removal of a cause to a federal court where the jurisdictional amount is alleged in a counterclaim, and the McLean Trucking Company case and the Lange case were cited by Barron and Holtzoff on Federal Practice and Procedure, Vol. 1, 1954 Pocket Part, Section 105, to support the same announced principle.

The opinion of the District Court in the Wheatley case was rendered on August 31, 1945. The Removal Statute was reenacted by the Act of June 25, 1948. The opinion in the McLean Trucking Company case, supra, was handed down on January 30, 1951. The opinion in the Lange case, supra, was rendered on May 22, 1951, and the opinion in the Rosenblum case, supra, was rendered on February 10, 1954.

It is seen, therefore, that the only decision relied on by me in the second division of my opinion apposite to my view that there is a presumption that Congress intended to preserve the right of a counterclaimant to remove, when compelled by state statute to assert his counterclaim or be forever barred, was the Wheatley case, supra, for the McLean, Lange and Rosenblum cases were rendered after the re-enactment of the Removal Statute by Congress in 1948.

The Supreme Court of the United States in the case of United States v. Raynor, 302 U.S. 540, 58 S.Ct. 353, 358, 82 L.Ed. 413, had under consideration the effect of an opinion by the Court of Appeals in the case of Krakowski v. United States, 2 Cir., 161 F. 88, and said:

"The fact that Congress revised and codified the criminal laws after the Court of Appeals in the case of Krakowski v. United States, 2 Cir., 161 F. 88, held that the act only prohibited possession of the distinctive paper does not detract from the soundness of this conclusion. One decision construing an act does not

approach the dignity of a well settled interpretation. * * * "

The Supreme Court of the United States had under consideration the same question in the case of White v. Winchester Country Club, 315 U.S. 32, 62 S.Ct. 425, 429, 86 L.Ed. 619, and there said:

"Nor was the Weld case [Weld v. Nichols, D.C., 9 F.2d 977] itself in any sense adopted by the enactment of the 1928 Act [26 U.S.C.A. Int.Rev.Acts, p. 441]. It stood alone when that Act was passed, and 'one decision construing an act does not approach the dignity of a well settled interpretation.' It was patently incomplete as an exposition of doctrine, and as a District Court decision it had quite restricted direct applicability."

In the case of Associated Broadcasters, Inc., v. Federal Communication Commission, 71 App.D.C. 206, 108 F.2d 737, 739, it was insisted that a decision by the United States Court of Appeals for the District of Columbia, Pote v. Federal Radio Comm., 62 App.D.C. 303, 67 F.2d 509, in which a Writ of Certiorari was denied by the Supreme Court, 290 U.S. 680, 54 S.Ct. 103, 78 L.Ed. 586, was in effect incorporated in a subsequent act of Congress. Regarding this contention, the court said:

"It is contended that as the Communications Act [47 U.S.C.A. § 151 et seq.], which was adopted after the decision in the Pote case, failed to make express provision for appeal from a refusal of an application for transfer of a station license, the rule of statutory construction is applicable, that where a statute is re-enacted—after either an administrative or a judicial construction thereof—that fact constitutes evidence of Congressional intent to incorporate such construction into the reenactment. This, however, is not a conclusive presumption. As the Supreme Court has said, one decision construing an act does not approach the dignity of a well-set-tled interpretation. And it has also said: ' "A custom of the Department, however long continued by successive officers, must yield to the positive language of the statute.' " [Houghton v. Payne, 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed. 888]. In our view—especially because of the language added to the statute as enacted in 1934—the presumption should not be indulged in this case."

It is true that in the Wheatley case Judge Miller cited and largely relied upon Lee v. Continental Insurance Co., C.C., 74 F. 424. The Lee case was rendered orally by District Judge Adams, who cited no authority. The case contains little reasoning to support the conclusion reached. This paucity of authority to support the opinion in the Wheatley case was doubtless in the mind of Judge Riley when he said in the Lange case, supra [99 F.Supp. 3], with reference to the opinion in the Wheatley case:

"This court is persuaded by its reasoning rather than that of the other cases cited."

■ My examination of authorities reveals that they are in general agreement that the principle that the judicial construction of a statute is considered as having been adopted when the statute is amended or re-enacted applies only to construction by the highest judicial authority of the state. See Smith v. Baker, 5 Okl. 326, 49 P. 61.

■■ Since I have been unable to find any decision of the Supreme Court of the United States or of any of the United States Courts of Appeals in support of the decision in the Wheatley case, supra, I conclude that it has no application to the construction of the statute involved in this case. I must revert, therefore, to a well recognized and long established principle that when the language of the statute is unambiguous and its meaning is clear, the legislative body must be presumed to have meant what it expressed and attempted judicial construction cannot be resorted to for the purpose of placing a different construc-

tion upon it. Webber v. St. Paul City Ry. Co., 8 Cir., 97 F. 140; Mannington v. Hocking Valley Ry. Co., C.C., 183 F. 133.

It is my view that there is no presumption charged to Congress of the construction of the Removal Statute by the District Courts. The opinion in the Wheatley case and those that follow it are drastically contrary to the plain provisions of the Removal Statute. The effect of those opinions is to write into the statute a provision that does not appear therein. It may be true that for practical purposes the statute should contain the provision which these District Courts have thought it does impliedly contain, but I cannot accept this construction, for I believe it would thereby constitute "judicial legislation."

I am, therefore, setting aside the order overruling the motion to remand and will enter an order remanding this case to the Circuit Court of Arkansas County, Arkansas.