

Yates & Yates, Ozark, Ark., for plaintiff.

Warner, Warner & Ragon, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The instant action is one in tort based upon an automobile-truck collision which occurred in Ozark, Arkansas. The plaintiff, S. C. Ingram, an Arkansas citizen, filed suit in the Circuit Court of Franklin County, Arkansas, Ozark District, against the defendant, Lawrence S. Sterling, a California citizen, alleging negligence on the part of the defendant and praying damages in the total sum of $2,650.

**S. C. INGRAM, Plaintiff,**

v.

**Lawrence S. STERLING, Defendant.**

**Civ. No. 1286.**

United States District Court
W. D. Arkansas, Fort Smith Division.

June 11, 1956.

On May 15, 1956, plaintiff obtained service of process on the Secretary of State under the provisions of the Arkansas nonresident motorist service statute. The record does not disclose when defendant received actual notice of the filing of the action.

On June 6, 1956, the defendant removed the case to this court on the ground of diversity of citizenship and the amount involved. On the same date defendant filed his answer and counterclaim, and in the counterclaim prayed damages against the plaintiff in the sum of $15,450. The defendant relies upon the amount involved in his counterclaim as establishing jurisdictional amount for the purposes of removal.

No motion to remand has been filed by the plaintiff, but under the provisions of 28 U.S.C.A. § 1447(c), it is the duty of the court to inquire into its own jurisdiction in removed cases. Mayner v. Utah Construction Co., D.C.W.D. Ark., 108 F.Supp. 532.

The issue before the court is whether the amount involved in the counterclaim may be considered in determining jurisdictional amount for purposes of removal. In Wheatley v. Martin, D. C.W.D.Ark., 62 F.Supp. 109, this court held that where a counterclaim is compulsory under the state law, the amount involved in the counterclaim may be considered. Thus, at the outset the court is faced with the rule of stare decisis. This rule, however, has its qualifications. In United States v. State of Minnesota, 8 Cir., 113 F.2d 770, 774, the court said:

"We are not unmindful of the doctrine of stare decisis, but recognize that it is entitled to great weight and should ordinarily be adhered to, unless the reasons therefor no longer exist, are clearly erroneous, or manifestly wrong. The strong respect for precedent which inheres in our legal system has its qualifications and limitations. It does not call for a blind, arbitrary and implicit following of precedent, but recognizes, no vested rights nor rule of property being involved, that it is more important as to far reaching judicial principles that the court should be right than that it merely be in harmony with its previous decisions. Such a respect for precedent balks at the perpetuation of error, and the doctrine of stare decisis is, after all, subordinate to legal reason and is properly departed from if and when such departure is necessary to avoid the perpetuation of error."

Ordinarily a court is reluctant to refuse to follow the holding of another court. A court is even more hesitant when it comes to overruling one of its own decisions. And, it is extremely difficult for a court to overrule one of its own decisions when other courts, in the meantime, have followed and relied upon that decision. Nevertheless, the court has concluded that the instant case demands such action.

Wheatley v. Martin was decided in 1945. The case has been followed in Rosenblum v. Trullinger, D.C.E.D.Ark. W.D., 118 F.Supp. 394, (Judge Lemley) and Lange v. Chicago, R. I. & Pac. R. Co., D.C.Iowa, 99 F.Supp. 1. See also, McLean Trucking Co. v. Carolina Scenic Stages, Inc., D.C. N.C., 95 F.Supp. 437.

Other courts have refused to follow Wheatley v. Martin. Trullinger v. Rosenblum, E.D.Ark.W.D., 129 F.Supp. 12 (Judge Trimble); Barnes v. Parker, D.C.Mo., 126 F.Supp. 649. Compare, Chicago, R. I. & Pac. R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214; Lee Foods Division, Consolidated Grocers Corp. v. Bucy, D. C.Mo., 105 F.Supp. 402; Sequoyah Feed & Supply Co., Inc., v. Robinson, D.C. W.D.Ark., 101 F.Supp. 680; Stuart v. Creel, D.C.N.Y., 90 F.Supp. 392; Moore's Commentary on the U. S. Judicial Code, p. 252.

A reconsideration of the governing principles, especially in view of the decision of the Supreme Court in Chicago, R. I. & Pac. R. Co. v. Stude, supra, convinces the court that its decision in Wheatley v. Martin should be overruled. In the Wheatley case, this court held that where a counterclaim was compulsory—as distinguished from permissive—under the state law, the amount involved therein could be considered in determining jurisdictional amount for purposes of removal. The effect of that holding was to permit state law to determine the right of removal. Such a result is contrary to the reasoning of the court in Chicago, R. I. & Pac. R. Co. v. Stude, supra, wherein the court at page 580 of 346 U.S., at page 294 of 74 S.Ct. said:

"For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,

788

104, 61 S.Ct. 868, 870, 85 L.Ed. 1214. Here the railroad is the plaintiff under 28 U.S.C. § 1441(a), 28 U.S.C.A. § 1441(a), and cannot remove. The remand was proper."

The weakness of the court's decision in the Wheatley case is pointed out quite forcibly in Barnes v. Parker, D.C.Mo., 126 F.Supp. 649, 651, and the court is taking the liberty of quoting extensively from that opinion.

"We have thought that it was now established beyond all debate that, in determining the amount in controversy in actions sought to be removed, the Court to which removal is sought determines the question solely by looking to the amount in good faith prayed for as damnum in the complaint, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, regardless of subsequent events in the action; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911, and that, accordingly, if the amount therein claimed was less than the jurisdictional requirement, amounts claimed by way of counterclaim could not be considered as increasing the amount of the required sum. Falls Wire Mfg. Co. v. Broderick, C.C.Mo., 6 F. 654; Gates v. Union Central Life Ins. Co., D.C., 56 F.Supp. 149; Stuart v. Creel, D.C., 90 F.Supp. 392.

"However, there are decisions by other District Courts, Wheatley v. Martin, D.C.Ark., 62 F.Supp. 109; Lange v. Chicago, R. I. & P. R. Co., D.C.S.D.Iowa, 99 F.Supp. 1; Rosenblum v. Trullinger, D.C.Ark., 118 F.Supp. 394, which apparently create an exception to the above rule when a counterclaim is asserted and classified as 'compulsory' under the local state practice. We can agree with neither the reasoning nor the confusion which would result if such holdings are followed. To recognize such an exception is to make the federal removal practice dependent on state court procedure and will, if ex-

tended, effectively preclude attaining that orderly procedure and uniformity of practice which has been the goal of all the removal acts and which was thought to be achieved by the present statute, 28 U.S.C.A. § 1441. To do so would make the removability of an action into the federal court dependent upon the practice with respect to counterclaims in use in the particular state wherein the federal court happened to be sitting and would soon create forty-eight different tests of removability. Each federal court would be called upon to decide whether the particular counterclaims with which it is faced would be described as 'compulsory' or 'permissive' under the local state practice.

"The view taken in the decisions above referred to appears to arise from the mistaken application in the Wheatley case, supra, 62 F.Supp. at page 114, of the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. We cannot agree that the various state practice codes dealing with counterclaims prescribe matters of substance binding on the federal courts under the doctrine of the Erie case. Even if we did agree, we would soon be contradicted, for the controlling Missouri decisions expressly hold that the matter is one of procedure rather than substance. Zickel v. Knell, 357 Mo. 678, 210 S.W.2d 59, 3 A.L. R.2d 1304. (This indicates the maze into which the exception recognized can lead.) Federal removal practice is purely a matter of federal law unaffected by conflicting state court decisions. Stoll v. Hawkeye Cas. Co., 8 Cir., 185 F.2d 96, 22 A.L.R.2d 899.

"In addition, there is an even greater objection to following such holdings, for the practice could be used to effectively circumvent the expressed intent of Congress to restrict removability. A nonresident

defendant would thus be able to bring a claim asserted against him, no matter how minute, within the jurisdiction of the federal court by merely filing a counterclaim to the claim asserted against him. The Federal Court would then be forced to consider the good-faith assertion of the counterclaim, before considering the merits of the cause, in order to ascertain whether it had jurisdiction to pass upon it. Thus, as long ago noted in the Broderick case, 1881, supra, 6 F. at page 655, 'the door for removals is wide open' to intolerable practice. We do not feel that such a result should lightly be accepted."

See also, Trullinger v. Rosenblum, supra.

█ Little need be added to Judge Ridge's opinion in Barnes v. Parker. Suffice it to say that the court hereby overrules its decision in Wheatley v. Martin, supra, and holds that the amount involved in a counterclaim, even though compulsory under the state law, cannot be considered in determining jurisdictional amounts for purposes of removal. It follows that the instant case must be remanded to the Circuit Court of Franklin County, Arkansas, Ozark District.

In passing it might be noted that there is a serious question as to whether the petition for removal was timely filed. 28 U.S.C.A. § 1446(b). Service of process was had on the Secretary of State on May 15, 1956, and the petition for removal was not filed until June 6, 1956. Thus, more than 20 days had elapsed between the service on the Secretary of State and the filing of the petition for removal. There is a split of authority as to whether the 20-day removal period runs from the date of service on the Secretary of State, or does not begin until actual notice is received by the defendant. See, Mahony v. Witt Ice & Gas Co., D.C.Mo., 131 F.Supp. 564, and cases cited therein. However, in view of the court's ruling on the question of jurisdictional amount, it is unnecessary for the court to determine whether the petition for removal was timely filed in the instant case.

In accordance with the foregoing discussion an order should be entered remanding the case to the Circuit Court of Franklin County, Arkansas, Ozark District.