James A. RONEY, Plaintiff,

v.

MUTUAL BENEFIT HEALTH AND AC-
CIDENT ASSOCIATION, a corpo-
ration, Defendant.

No. 11261.

United States District Court
W. D. Missouri, W. D.

Nov. 1, 1957.

George V. Aylward, Kansas City, Mo.,
for plaintiff.

Henry G. Eager (of Blackmar, Swan-
son, Midgley, Jones & Eager), Kansas
City, Mo., for defendant.

R. JASPER SMITH, District Judge.

On June 12, 1957, plaintiff commenced this action against the defendant in the Circuit Court of Jackson County, Missouri. Plaintiff's claim is predicated upon defendant's health and accident insurance policy No. 110–233749–51M, and seeks the total sum of $2,021.78, exclusive of interest and costs, as damages.

On August 8, 1957, defendant filed its answer and counterclaim. The counterclaim prays for cancellation of a separate hospital, medical and surgical expense policy of insurance numbered 3HO–12–93598–56M which was issued by defendant to plaintiff and under which plaintiff has filed proof of loss and demands payment in the amount of $1,471. This policy sought to be cancelled is a different one than that upon which plaintiff bases his original petition, and, so far as I can determine, was not the subject of litigation prior to the filing of defendant's counterclaim. On August 22, 1957, plaintiff filed his reply to defendant's answer and his answer to defendant's counterclaim.

Shortly thereafter, defendant removed the entire action here, alleging that plaintiff is a citizen of Missouri and defendant a citizen of Nebraska, and that the amount in controversy between the parties exceeds $3,000, exclusive of interest and costs. Defendant attempts to establish the requisite amount necessary to make the action removable by considering not only the amount of recovery sought by plaintiff in his original petition, but also the amount involved in its own counterclaim. Each amount standing alone fails to meet the jurisdictional requirement; in the aggregate, they exceed it.

On August 31, 1957, plaintiff filed a motion to remand, contending that this

Court has no jurisdiction over the subject matter for the reason that the requisite jurisdictional amount is lacking.

■ Generally in determining whether the requisite jurisdictional amount is involved so as to authorize removal of an action to a federal court, the court considers only the amount in good faith prayed for in plaintiff's complaint at the time of the petition for removal, and does not look to any amount that may be stated in defendant's counterclaim. Barnes v. Parker, D.C., 126 F.Supp. 649; Ingram v. Sterling, D.C., 141 F.Supp. 786; Trullinger v. Rosenblum, D.C., 129 F.Supp. 12; Collins v. Faucett, D.C., 87 F.Supp. 254; Stuart v. Creel, D.C., 90 F.Supp. 392; Gates v. Union Central Life Insurance Co., D.C., 56 F.Supp. 149; Haney v. Wilcheck, D.C., 38 F.Supp. 345; Harley v. Firemen's Fund Insurance Co., D.C., 245 F. 471; Lee Foods Division, Consolidated Grocers Corp. v. Bucy, D.C., 105 F.Supp. 402; and Sequoyah Feed & Supply Co., Inc., v. Robinson, D.C., 101 F.Supp. 680.

There are cases to the contrary. Wheatley v. Martin, D.C., 62 F.Supp. 109; Lange v. Chicago, R. I. & P. R. Co., D.C., 99 F.Supp. 1; Lee v. Continental Insurance Co., C.C., 74 F. 424; and McLean Trucking Co. v. Carolina Scenic Stages, Inc., D.C., 95 F.Supp. 437, I choose not to follow them. I am satisfied with neither the reasoning nor the consequences of these cases.

■ In this case, plaintiff's claim is in the amount of $2,021.78, insufficient to confer jurisdiction. Since plaintiff's claim does not confer jurisdiction, defendant cannot, for removal purposes, increase the amount in controversy by a counterclaim for cancellation of an insurance policy.

I conclude that the case was removed improperly to this Court, and direct that it be remanded to the Circuit Court of Jackson County from where it was removed. It is so ordered.