**CONTINENTAL CARRIERS, INC.,**
Plaintiff,

v.

**Roger GOODPASTURE and Indiana Refrigeration Lines, Inc., Defendants.**

Civ. A. No. 435.

United States District Court
M. D. Georgia,
Americus Division.

Jan. 13, 1959.

James L. Fleminster, Atlanta, Ga., D. E. Turk, Abbeville, Ga., J. C. McDonald, McDonald & McDonald, Fitzgerald, Ga., for plaintiff.

Burt & Burt, Albany, Ga., Hilliard P. Burt, Albany, Ga., of counsel, for defendants.

DAVIS, Chief Judge.

The plaintiff in the above stated case filed this action in the Wilcox Superior Court on April 21, 1958. Service was made upon the individual defendant, Goodpasture, on the 23rd of April. Service was made upon the Secretary of State on April 23 for the corporate defendant.

Both defendants filed certain pleas and motions as well as their answers in the State court on May 19, 1958. The original action sought recovery by the plaintiff in the sum of $3,000 and was not, therefore, one which was removable to this Court. Thereafter, on June 9, 1958, the individual defendant filed an amendment to his answer, which was allowed and ordered filed by the Judge of the Superior Court for Wilcox County, Georgia. In this amendment, Goodpasture set up a cross-action, in which he seeks

to recover of the plaintiff the sum of $3,500. Simultaneously, both defendants filed petitions for removal of the cause to this Court. All of the above pleadings were filed prior to the effective date of the increase in the amount requisite to jurisdiction in this Court.

On June 13, 1958, the plaintiff filed its motion to remand the cause to the Superior Court for Wilcox County, on the ground that the cause was not one which was removable and, in the alternative, that if removable, the removal came too late. The motion was submitted to the Court on briefs, which have been considered.

Two questions are here presented for the consideration of the Court: The first of these is whether or not an amount set up in a cross-action may be relied upon in order to raise the amount in controversy to the amount prerequisite to the removal. In other words, when the original suit does not seek recovery of the jurisdictional amount but a cross-action seeks recovery of an amount in excess of the jurisdictional amount, does the case then become a removable one?

It is settled that a plaintiff cannot remove on the basis of an amount sought by the defendant in a cross-action. Sheets v. Shamrock Oil & Gas Corp., 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214. It is equally clear that, where the filing of the counterclaim or cross-action is optional under the state law, any amount claimed in such cross-action will not be considered in determining whether or not the cause is removable. Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488; Haney v. Wilcheck, D.C. W.D.Va., 38 F.Supp. 345; and Briggs v. Miami Window Corp., D.C.M.D.Ga., 158 F.Supp. 229, which is a decision of this Court rendered by Judge Bootle.

The situation with which the Court is here confronted, however, is somewhat different. The counterclaim or cross-action filed by the defendant Goodpasture is one which the State law requires him to file, at the risk of having his rights foreclosed by a decision in the original suit. Thus, it is not within the category of voluntary counterclaims which constitute voluntary submission to the jurisdiction of the Court. Where the counterclaim is not a voluntary one, the law is not so well settled. Removal on the basis of the amount set forth in a counterclaim was allowed in the cases of National Upholstery Co. v. Corley, D.C.M.D.N.C., 144 F.Supp. 658, and Lange v. Chicago, R. I. & P. R. Co., D.C.S.D.Iowa, 99 F.Supp. 1. This Court agrees with those courts that this should be the rule so as to prevent a race for jurisdiction between the parties.

On the other hand, the Court has some doubts as to whether such a rule has any legal basis, a doubt shared by the Courts which have denied removal based on amounts set up in counterclaims. Trullinger v. Rosenblum, D.C.E.D.Ark., 129 F.Supp. 12, reversing previous decisions in the same case, 118 F.Supp. 394 and 125 F.Supp. 758; Ingram v. Sterling, D.C.W.D.Ark., 141 F.Supp. 786, reversing a contra holding by the same court in Wheatley v. Martin, D.C.W.D.Ark., 62 F.Supp. 109; United Artists Corp. v. Ancore, D.C.S.D.N.Y., 91 F.Supp. 132.

This Court is particularly impressed by the decision in Ingram v. Sterling, supra, and Barnes v. Parker, D.C.W.D. Mo., 126 F.Supp. 649, 651, in which the court said in effect that to allow removal in such cases would be to make the Federal removal practice dependent on state court procedure (whether such claims are voluntary or compulsory under state law) and would effectively preclude that orderly procedure and uniformity of practice which has been the goal of all removal acts. "To do so would make the removability of an action * * * dependent upon the practice with respect to counterclaims in use in the particular state * * *."

There is an abundance of authority for the proposition that the re-

moval authority is purely statutory and the statute must be strictly construed. Hoyt v. Sears, Roebuck & Co., 9 Cir., 130 F.2d 636; Weatherford v. Ratcliffe, D.C.E.D.S.C., 63 F.Supp. 107; Merz v. Dixon, D.C.Kan., 95 F.Supp. 193; and many other decisions.

■■ "United States District Courts are courts of limited jurisdiction"; thus, the presumption is against jurisdiction, and "jurisdiction must always affirmatively appear." Le Mieux Bros. v. Tremont Lumber Co., 5 Cir., 140 F.2d 387, 389; Young v. Main, 8 Cir., 72 F. 2d 640; and John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, D.C.N.J., 93 F. Supp. 296. The latter case expressly holds that removal should not be allowed where there is any doubt as to the right of removal in the first instance.

After careful consideration of the authorities, the Court concludes that the amount claimed in a counterclaim or cross-action cannot be considered in determining whether or not the jurisdictional amount is involved. While the Court, as stated, is aware of strong and cogent reasons which would support a different result, there seems to be no support in law for it. This may well be a field in which there is a need for remedial legislation but that is the province of Congress and not the courts. The Court, therefore, concludes that this cause of action was not a removable one.

■ It should here be noted that, even if this had been a removable cause, the petition for removal was not timely. This petition was not filed until 47 days after service of the original petition upon the defendant. It is true that at that time the cause clearly was not removable and the defendant urges that the 20-day period should run from the date on which the action first became removable. Even had the Court concluded that

filing of the cross-action made this a removable case, it could not accept this position. In the cases cited above, in which the Courts allowed removal based on the counterclaim, both the counterclaim and the petition for removal were filed within 20 days after the service of the original suit on the defendants. National Upholstery Co. v. Corley, supra, and Lange v. Chicago, R. I. & P. R. Co., supra. This Court has found no decision holding that the 20-day period allowed for removal ran from the date of the filing of a cross-action or counterclaim which first made the case removable. Such a holding would allow a defendant to amend at any stage of the proceedings (conceivably even after trial had commenced in the state court) and remove the cause to the United States District Court. Clearly, this was not the intention of Congress.

The provision of the statute which provides for removal within 20 days after the cause first becomes removable contemplates amendments by the plaintiff which may make the case removable for the first time. Of course, this may come at any stage of the proceedings, but at least the defendant's right to a tardy removal stems from some act by the plaintiff and not from his own dilatory action. No case has been called to the attention of the Court nor come to the Court's attention during its extensive research of the problem, which has granted the defendant any such extension of the time for removal.

For the reasons above stated, the Court concludes that the cause was not a removable one, and that, if it had been, the petition for removal would not have been timely. It follows, therefore, that the cause is one which must be remanded to the State Court.

It is, therefore, ordered and adjudged ed that this case be, and the same is, remanded to the Superior Court for Wilcox County, Georgia.