**Newell Edward RUDDER, Plaintiff,**

v.

**The OHIO STATE LIFE INSURANCE COMPANY, Defendant.**

**No. 1024.**

United States District Court
E. D. Kentucky,
Covington Division.

Sept. 7, 1962.

Joseph J. Leary, Frankfort, Ky., for plaintiff.

Odis W. Bertelsman, Newport, Ky., for defendant.

SWINFORD, District Judge.

This action was begun in the Circuit Court for Lewis County, Kentucky in April 1962 to recover amounts alleged to be due as benefits under a disability insurance policy issued by defendant and amounts paid to defendant by plaintiff as premiums on two life insurance policies which contain provisions for the waiver of premiums in the event of disability. The complaint also seeks a declaration that plaintiff is permanently and totally disabled and entitled to disability benefits and the waiver of the premiums on the life policies. It is alleged that plaintiff became disabled on March 25, 1957, that the insurance policies had been in force for some years prior to that date and that plaintiff had fully performed

all conditions precedent, that the defendant insurer had paid benefits and waived premiums on the life policies from March 25, 1957 until December 25, 1961 but that on January 29, 1962 defendant refused to pay a benefit installment and tendered payment of partial disability benefits through June 25, 1962. Plaintiff has paid under protest the premiums due on the life insurance from January 29, 1962.

The monthly benefit under the disability policies is $300.00. Assuming that plaintiff can establish the liability alleged in the complaint there would be due to him the sum of $1200.00 for the period January to April 1962. The premiums on the life insurance policies are $113.00 per month and $84.83 per year respectively, a possible total for the period of $536.83. These claims do not approach the minimum amount required to place this case within the jurisdiction of this court.

Nevertheless on May 9, 1962 defendant filed its petition for removal alleging diversity of citizenship and that the amount in controversy is in excess of $10,000.00. Along with this petition defendant filed a motion to dismiss, an answer and a counterclaim for the amount of all benefits paid to plaintiff and premiums waived on the life policies over the period May 25, 1958 through November 25, 1961, a total of $18,183.24. Defendant further demanded a declaration that plaintiff is not now and has not been since May 14, 1958 totally disabled within the meaning of the insurance policies.

On June 5, 1962 plaintiff filed a motion to remand this action to the state court. It is his position that the amount in controversy is not large enough to permit this court to assume jurisdiction. Defendant maintains on the other hand that the counterclaim for $18,183.24 is effective to fulfill the qualification as to the amount in controversy and that the demand for a declaration that plaintiff is permanently and totally disabled furnishes a controversy initiated by plaintiff that involves over $10,000.00. Plaintiff contends that the amount is determined solely by the complaint. There is good reasoning and impressive authority for both positions.

The most compelling consideration in favor of federal jurisdiction over a case of this character is that it preserves the right of an out-of-state claimant to choose between the state and federal forum. To decide otherwise permits one who is under heavy liability to a nonresident to initiate legal action in the state court on some trivial aspect of the transaction which created the liability thereby forcing his creditor to assert his rights by counterclaim in a court not of his choosing. See e. g. National Upholstery Company v. Corley, M.D.N.C.1956, 144 F.Supp. 658. The court is inclined to the view that this decision ought to be directed to the purpose of preventing this maneuver and it would not stand alone in this attitude. See National Upholstery Company v. Corley, ibid., and McLean Trucking Company v. Carolina Scenic Stages, M.D.N.C.1951, 95 F.Supp. 437. But the state of the law as it appears to the court seems to put such a result beyond the reach of the courts.

First of all, examination of the statutory provisions pertaining to diversity jurisdiction furnishes an indication that it was not the intent of congress that a counterclaim be added to what is sought in the complaint to arrive at the amount in controversy. 28 U.S.C.A. § 1332(b) provides that if the plaintiff who files the case recovers less than the minimum jurisdictional amount, the costs of the action may be assessed against him. There is no correlative provision placing liability for costs on the defendant where the case qualifies for federal jurisdiction on the basis of a counterclaim greater than the minimum jurisdictional amount. 28 U.S.C.A. § 1446(b) prescribes a time limitation of twenty days from the date that defendant receives the initial pleading for the filing of a petition for removal. It also provides that where the case stated by the initial pleading is not removable, the defendant may file his petition for removal within twenty days after the receipt of an amended pleading

that does state a removable case. There is no corresponding provision for the case where federal jurisdictional requirements first appear in pleadings by the defendant. The latter section was brought to fore in Lange v. Chicago R. I. & P. R. Co., S.D.Ia.1951, 99 F.Supp. 1, but the court held that it merely prescribed a technique for effectuating removal and was not intended to substantially modify the jurisdictional qualifications. This court agrees that the features of this section alluded to above are not meant to circumscribe jurisdiction over diversity cases but they are nevertheless evidence that Congress did not contemplate that pleadings other than the complaint would determine the amount in controversy.

The United States Supreme Court has never been clearly confronted with the present issue but on two occasions has displayed unwillingness to look beyond plaintiff's pleadings to find the jurisdictional criteria. See Shamrock Oil & Gas Corporation v. Sheets, (1941) 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, and St. Paul Mercury Indemnity Company v. Red Cab Company, (1938) 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

The view of the lower courts that have been compelled to squarely decide the question has been generally that the counterclaim does not have the effect of satisfying the amount in controversy requirement. Home Life Insurance v. Sipp, 3d Cir.1926, 11 F.2d 474, held that a $3000.00 claim and a $423.00 counterclaim do not fulfill a requirement that more than $3000.00 be in controversy. The court went beyond this even, to the point of stating that a counterclaim has the effect of reducing the amount put in issue by the complaint. Other cases denying jurisdiction on the basis of the sum of claim and counterclaim are: Continental Carriers Inc. v. Goodpasture, M.D.Ga.1959, 169 F.Supp. 602; Roney v. Mutual Benefit Health and Accident Association, W.D.Mo.1957, 155 F.Supp. 580; Ingram v. Sterling, W.D.Ark.1956, 141 F.Supp. 786; Trullinger v. Rosenblum, E.D.Ark.1955, 129 F.Supp. 12, and

Barnes v. Parker, W.D.Mo.1954, 126 F. Supp. 649.

Trullinger v. Rosenblum, supra, is an especially compelling decision in that the court felt obliged to overrule its previous opinion in the same case. In Ingram v. Sterling, supra, the court overruled its earlier decision in the case of Wheatley v. Martin, W.D.Ark.1945, 62 F.Supp. 109.

Defendant relies on a number of cases which on first impression support a contrary conclusion but the relevance of these to the present issue becomes somewhat attenuated on closer analysis. In Lovell v. Cragin (1890), 136 U.S. 130, 10 S.Ct. 1024, 34 L.Ed. 372, the court held that a minimum jurisdictional amount can be supplied by a counterclaim to the extent that the initial claim is inadequate. But the question was not discussed beyond the bare conclusion giving the impression that the point was not fully contested and it was not the jurisdiction of the district court that was in issue. The plaintiff had sued for nearly $5000.00 and the amount required to be at issue for district court jurisdiction at the time was only $500.00. Symonds v. St. Louis & S. E. Ry. Co., W.D.Ark. 1911, 192 F. 353. In Kirby v. American Soda Fountain Co. (1904), 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911, the plaintiff sued for an amount above the jurisdictional minimum. The defendant filed a counterclaim and the plaintiff moved for a voluntary dismissal of the action. The decision does not depend as much on the presence of the counterclaim as a basis for jurisdiction as it does upon the rule that once an action has been commenced for an adequate amount, the subsequent moves of the plaintiff with respect to the amount claimed do not affect jurisdiction. See also St. Paul Mercury Indemnity Co. v. Red Cab Co., supra. The court also considered the fact that the action brought into question the validity of a contract which involved value in excess of the jurisdictional amount. Ginsburg v. Pacific Mutual Life Insurance Co., 2d Cir.1934, 69 F.2d 97, seems to have been rejected by its own authors as

authority for the proposition urged here. In Goldstone v. Payne, 2d Cir.1938, 94 F.2d 855, the court referred to the expression in Ginsburg relative to the jurisdictional amount as dicta. It also commented disparagingly on one of the decisions cited as authority for the result in the Ginsburg case. The court in Liberty Mutual Insurance Co. v. Horton, 5th Cir.1960, 275 F.2d 148, did state that where the original amount in controversy is not adequate to support federal jurisdiction a counterclaim may provide the deficiency. But this seems to be unnecessary language for the opinion contains a convincing demonstration that the complaint seeks a recovery of more than the jurisdictional amount.

Defendant's other argument in favor of federal jurisdiction is that since the complaint seeks a declaration that plaintiff is permanently and totally disabled and that this in turn would establish a liability of $3600.00 per year for plaintiff's life, the complaint actually involves more than $10,000.00. This reasoning does not follow because the disability insurance policy speaks of benefit payments for only as long as the disability continues. There is no provision for a determination that the disability will continue for life and for payment of benefits on this basis. Neither is this a case in which damages are sought for the repudiation of the entire contract. See New York Life Insurance Co. v. Viglas (1936), 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971. The cases cited by defendant on this point have not been related to this case by appropriate allegations. Struble v. Connecticut Mutual Life Insurance Co. of Hartford, S.D.Fla.1937, 20 F.Supp. 779, and Ross v. Travelers Insurance Co., E.D.S.C.1936, 18 F.Supp. 819, both turned upon a requirement that an insurer set up a reserve fund to cover benefit payments upon proof of disability. The courts in these cases concluded that the amount in the reserve fund was the amount in controversy. Here it is not alleged that defendant insurer is required to set up such a reserve or that it has done so for any reason.

In view of what has been stated herein, it is the opinion of the court that the case should be remanded to the Circuit Court for Lewis County. An order in conformity with this memorandum is this day entered.