CROWN POINT MIN. CO. v. ONTARIO SILVER-MIN. CO.

(Circuit Court, D. Utah. April 20, 1896.)

No. 7.

JURISDICTION OF FEDERAL COURTS—ADMISSION OF UTAH—TRANSFER OF PENDING CAUSES.

The provision inserted in the constitution of Utah, under authority of the enabling act, in relation to the transfer of causes pending in the territorial courts of the proper state and federal courts, respectively, contains a proviso that no civil suit, other than those of which the federal courts have exclusive jurisdiction, shall be transferred to them, "except

upon motion or petition by one of the parties thereto, made under and in accordance with the act or acts of congress." *Held*, that the reference to acts of congress is only for the method of procedure, and that in cases of concurrent jurisdiction, such as those of diverse citizenship, the third section of the judiciary act of 1887 does not apply, so as to prevent a transfer, unless the petition was filed within the time in which defendant was required to answer or plead.

This suit was brought by the Crown Point Mining Company against the Ontario Silver-Mining Company in a court of Utah before its admission to statehood, and, on the admission of the state, was transferred, on defendant's petition, to the circuit court. It is now heard on motion by plaintiff to remand to the state court.

Brown, Henderson & King, for plaintiff.

Bennett, Harkness, Howat & Bradley, for defendant.

ADAMS, District Judge. This suit was instituted in the Third judicial district court of Utah territory, county of Salt Lake, on the 4th day of December, 1895. The territory of Utah became a state by virtue of the proclamation of the president of the United States made on the 4th day of January, 1896. By an act of congress entitled "An act to enable the people of Utah to form a constitution and state government and to be admitted into the Union on an equal footing with the original states," the convention therein provided for was empowered to provide by ordinance "for the transfer of actions, cases, proceedings, and matters pending in the supreme or district courts of the territory of Utah, at the time of the admission of the said state into the Union, to such courts as shall be established under the constitution to be thus formed, or to the circuit or district court of the United States for the district of Utah, and no indictment, action, or proceeding shall abate by reason of any change in the courts but shall be proceeded with in the state or United States courts according to the laws thereof respectively." Pursuant to this delegation of power, the people of Utah held their convention, and adopted a constitution. The seventh section of article 24 of this constitution ordained as follows:

"Sec. 7. All actions, cases, proceedings and matters pending in the supreme and district courts of the territory of Utah, at the time the state shall be admitted into the Union, and all files, records and indictments relating thereto, except as otherwise provided herein, shall be appropriately transferred to the supreme and district courts of the state respectively; and thereafter all such actions, matters and cases shall be proceeded with in the proper state courts. All actions, cases, proceedings and matters which shall be pending in the district courts of the territory of Utah at the time of the admission of the state into the Union, whereof the United States circuit or district courts might have had jurisdiction had there been a state government at the time of the commencement thereof respectively, shall be transferred to the proper United States circuit and district courts respectively; and all records, indictments and proceedings relating thereto shall be transferred to said United States courts. Provided, that no civil action, other than causes and proceedings of which the said United States courts shall have exclusive jurisdiction, shall be transferred to either of said United States courts except upon motion or petition by one of the parties thereto, made under and in accordance with the act or acts of the congress of the United States, and such motion and petition not being made, all such cases shall be proceeded with in the proper state courts."

The plaintiff in this case is a corporation of the state of Utah, and the defendant is a corporation of the state of California. They are therefore citizens of different states, and the suit is "one in which there is a controversy between citizens of different states," within the meaning of the act of March 3, 1887 (24 Stat. 552). This diversity of citizenship confers jurisdiction upon the United States courts concurrent only with the state courts. Under the provisions of the constitution already referred to, this suit could not be taken from the state court, where it appropriately and immediately went upon the admission of the state into the Union, except upon motion and petition by one of the parties thereto. So far counsel are agreed. Accordingly, on the 18th day of January, 1896, the defendant undertook to exercise the privilege, and filed a petition in the district court of the Third judicial district of the state, in which this suit was then pending, setting forth facts conferring jurisdiction upon this court, and prayed for the transfer of the suit to this court. The order was made, and the suit was transferred accordingly. The plaintiff now moves to remand it to the state court, for the reason that the application or petition for the removal to this court was not filed in the state court at or before the time the defendant was required by the laws of the state, or the rule of the state court, to answer or plead to the declaration or complaint of the plaintiff, and because the defendant failed in other respects to conform to the provisions of section 3 of the act of March 3, 1887, in relation to removal of causes from the state to the federal courts.

It is conceded by defendant's counsel that it did not file its petition for removal to this court within the time required by said section; but the defendant contends that, notwithstanding such concession, the suit was properly transferred to this court, under the provisions of the enabling act and constitution already quoted. It is clear to my mind that the act of March 3, 1887, concerning removal of causes to this court, has no controlling application to the matter of transfers under the enabling act and constitution. The manifest intention of congress and the people of Utah was to make provision by which parties to actions pending at the time of the change to statehood might avail themselves of either jurisdiction, state or federal, to which they would have been entitled had there been a state government (and necessarily state and federal courts) at the time their suits were instituted. The constitution refers to any actions "pending," and provides for their transfer. The removal act of March 3, 1887, refers to cases which have been pending only up to the day an answer or plea is required. The constitution confers the right to transfer upon either party to a suit. The removal act confers the right of removal upon (1) defendants only; and (2) upon such defendants as are residents of a state other than where the suit is brought. Again, the situation of parties to a suit instituted in a territory before its admission, as a state, to the Union, is unique,— entirely different from the situation of parties to suits instituted in a state. By the provisions of the act concerning removal of causes, reference is made to the laws of the state at the time suit was brought; a defendant must be a citizen of a state different from

the state of which the plaintiff was a citizen at the time suit was brought. The provisions of the enabling act and constitution concern citizens of a territory at the time suit is brought. All these considerations convince me that the act of March 3, 1887, has no controlling application to the matter before the court. But it is urged by plaintiff's counsel that whether the removal act applies, or not, is immaterial; that all cases, like the one under consideration, over which the state and federal courts may exercise concurrent jurisdiction, are given a certain available jurisdiction in the state court, and that they must remain there, and be tried there, unless adequate provision is made for their transfer to the federal court; and that no such provision is made in the enabling act or constitution. Counsel rely upon the proviso to the seventh section of article 24 of the constitution, whereby, after the provisions for transferring such cases to the federal courts, it is ordained "that no civil actions, (other than causes and proceedings of which the said United States courts shall have exclusive jurisdiction), shall be transferred to either of said United States courts except upon motion or petition by one of the parties thereto, made under and in accordance with the act or acts of the congress of the United States." Counsel say, if this last clause of the proviso refers to the act of congress relating to removal of causes, there has been no compliance with such act, for the reasons already referred to, and, if it does not refer to such act, there are none to which it can refer; therefore there are no acts of congress in existence, under or in accordance with which the motion or petition for transfer can be made, and hence, for want of necessary legislation enabling the transfer to be made, the suit must be remanded to the state court, where it properly belongs. I cannot assent to this view of the case. In the case of Koenigsberger v. Richmond Silver-Min. Co., 158 U. S. 41, 15 Sup. Ct. 751, the supreme court deals with a case essentially like the one at bar, and on page 48, 158 U. S., and page 751, 15 Sup. Ct., says:

"The courts of the United States, inferior to this court, having no jurisdiction except as conferred by congress, congressional legislation is necessary to enable those courts, after the admission of the state into the Union, to take jurisdiction of the cases previously commenced in the courts of the territory, and not yet finally adjudged. And such legislation has been so construed and expounded by this court as to give effect, as far as possible, consistently with its terms and with the constitution of the United States, to the apparent intention of congress to vest in the courts of the United States the jurisdiction of such cases, so far as they are of a federal character, either because of their arising under the constitution and laws of the United States, or because of their being between citizens of different states."

According to this authority, effect should be given to the apparent intention of congress, so far as possible. Now, what is it? Manifestly, that all cases over which the federal courts have exclusive jurisdiction shall pass by transfer at once to the proper United States court, and that all cases over which the federal courts have concurrent jurisdiction with the state courts shall, at the option of either party, be so transferred to the proper United States court. As evidence of the exercise of such option, a motion or petition is required to be filed in the state court exercising the other concurrent juris-

diction. The foregoing seems to me to be the essential and important features of the enactment. The provision requiring such motion or petition to be "made under and in accordance with the act or acts of congress of the United States" manifestly refers to procedure, and is not a qualification of, or condition precedent to, the exercise of the right of transfer. In my opinion, it is not necessary to ignore these words, to maintain the right of transfer in this case. They should receive, and, in my opinion, can receive, such construction as will permit the entire section to stand and be operative. The jurisdictional facts, viz. the diverse citizenship of the parties, and the amount or value of the matter in dispute, must be brought to the attention of the court. A motion or petition is the appropriate and usual procedure for that purpose. By the provisions of the act of March 3, 1887, a petition must be addressed to the state court in which the suit is pending, and this petition must disclose the facts entitling a defendant to remove the case. A petition for the purpose of a transfer under the enabling act and constitution of Utah need disclose nothing more than the facts entitling the petitioner to the transfer. The petitions, therefore, in the two cases, serve the same general purpose. They should show jurisdictional facts which entitle a court of the United States to take the control of the case. The subjects (that is to say, removal and transfer) are similar, and it is quite natural and altogether reasonable to hold that the language employed in the constitution, requiring the petition to be made under and in accordance with the act or acts of congress, refers to the method of procedure adopted by congress in the kindred subject of removals. The petition for the transfer of this case to this court conforms in all essential particulars, so far as procedure is concerned, to the requirements of the act of congress in question, and must be held sufficient. It follows that the motion to remand must be denied.