## LEE v. CONTINENTAL INS. CO.

(Circuit Court, D. Utah. April 20, 1896.)

No. 13.

FEDERAL COURTS—JURISDICTIONAL AMOUNT—COUNTERCLAIMS.

A counterclaim, of a class which defendant is required by local statute to present in the original action, on pain of being forever barred from litigating it (Code Civ. Proc. Utah, § 3228), is a part of the matter in dispute, and is to be added to the sum sued for by plaintiff, in determining the jurisdictional amount.

This case was instituted by J. E. Lee against the Continental Insurance Company in a court of Utah territory, and, on the admission thereof as a state, was transferred, on proper petition, to this court, on the ground of diverse citizenship. The case is now heard upon a motion to remand it to the proper state court.

M. D. Lessenger and W. L. Maginnus, for plaintiff.
Williams, Van Cott & Sutherland, for defendant.

ADAMS, District Judge (orally). In this case the same questions are raised as have been already passed upon in the cases of Crown Point Min. Co. v. Ontario Silver-Min. Co., 74 Fed. 419, and Fraser v. Trent, Id. 423. But there is one additional question in this case which requires attention. It appears from the papers on file that the amount in controversy, as claimed by the plaintiff in his petition, is $1,058,—an amount under the minimum ($2,000) of the jurisdiction of this court,—and for this reason also plaintiff presents his motion to remand. It appears from the pleadings, as they stood prior to the transfer to this court, that there is a counterclaim asserted against the plaintiff, and in favor of the defendant. The counterclaim is of the character specified in the first clause of section 3227 of the Code of Civil Procedure (Comp. Laws Utah). That clause permits a counterclaim to be filed whenever there is "one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action" (among others): Subdivision (1): "A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's

claim, or connected with the subject of the action." In this case a counterclaim, according to the pleadings, does arise out of the transaction set forth in the complaint, and according to the Code it is a proper subject of counterclaim. Section 3228 provides that, "if the defendant omits to set up a counterclaim in the cases mentioned in the first subdivision of the last section, neither he nor his assigns can afterward maintain an action against the plaintiff therefor." There is a contradiction of opinion, independent of such legislation as is found in section 3228, supra, with respect to the question whether the amount involved in an asserted counterclaim against a cause of action shall or may be considered, in determining the jurisdiction of federal courts. Opinions of very eminent judges and courts are found on either side of the question, and, as a new question, it would be somewhat difficult to determine it, based simply on the decided cases. However, my inclination is to adopt the conclusion that the amount involved in a counterclaim is a part of the subject-matter in dispute, within the meaning of the act of congress conferring jurisdiction upon the federal court, and that inclination is strongly fortified in the case at bar by the terms of the Utah statute, supra. This requires the defendant, in a case like that at bar, to present his counterclaim in the suit in which the original action is brought, or be forever barred from doing so. "The matter in dispute," to use the phraseology of the act of congress in question, is not only the $1,000 which the plaintiff sues for, but it is that which, of necessity, under the statute in question, must be litigated in connection with it. Especially is this so in a case like that at bar, where the defendant has exercised his option to assert his counterclaim prior to the transfer of this suit to this court. The motion to remand must therefore be denied.