## PINKSTON v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al.

### No. 6355.

Circuit Court of Appeals, Sixth Circuit. March 8, 1934.

W. L. Bryan, of Atlanta, Ga., and J. R. Garfield, of Cleveland, Ohio (John H. Schultz, of Cleveland, Ohio, Smith, Hammond, Smith & Bloodworth, of Atlanta, Ga., and Garfield, Cross, MacGregor, Daoust & Baldwin, of Cleveland, Ohio, on the brief), for appellant.

Thomas Stevenson, of Cleveland, Ohio, for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant, a resident of the state of Georgia, is the holder of a widow's pension certificate issued by the Brotherhood of Locomotive Firemen and Enginemen which entitles her, provided she does not remarry, to receive $35 a month during her lifetime from the funds of the widow's pension department of the brotherhood. In its convention held in June and July of 1931, the brotherhood voted to discontinue the widow's pension department, and directed its officers to make lump sum settlements with all matured certificate holders at a sum not in excess of $1,-500 each, and further, to erase from the pension rolls the names of all those refusing to accept such settlements, and thereafter to distribute the residue of the funds then on hand among members of the department holding unmatured certificates. Notice of this action on the part of the brotherhood was given to the appellant. The payment due September 1, 1931, under her certificate was not made, and she thereupon filed this bill against the brotherhood and its executive officers, all residents of the state of Ohio, asking for an injunction restraining the disbursement of the funds of the department except as au-

thorized by the constitution of the brotherhood and the matured pension certificates, and for the appointment of a receiver therefor. The court granted a temporary injunction but refused to appoint a receiver. On final hearing the temporary injunction was dissolved and the bill was dismissed for want of jurisdiction on the ground that the matter in controversy did not exceed the sum or value of $3,000.

In our opinion, the matter in controversy is not the accumulated pension fund nor the combined claims of all holders of matured certificates (Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 67 L. Ed. 871), but the rights which appellant seeks to have protected; that is, her rights under the certificate which she holds. Wisconsin Electric Co. v. Dumore, 35 F.(2d) 555, 556 (6 C. C. A.). This certificate binds the appellee to make monthly payments to appellant so long as she lives, provided she does not remarry, and in determining the value of her right to these payments it is permissible to take into consideration the probable duration of her life. The evidence shows that the normal expectancy of her life is 27.-61 years, and that the present worth of her pension rights for that period is over $5,000. The trial court held that the contract stipulation that the payments should cease upon the appellant's remarriage as well as upon her death made the present value of these rights speculative and therefore prevented any computation thereof from being taken into account in determining the amount in controversy.

We think Thompson v. Thompson, 226 U. S. 551, 33 S. Ct. 129, 130, 57 L. Ed. 347, is controlling. In that case the Supreme Court of the District of Columbia in a separate maintenance suit directed the husband to pay $500 for counsel fees and $75 a month for maintenance of a wife and child. The Court of Appeals of the District reversed the decree, and the wife appealed to the Supreme Court of the United States, where the husband contended that the court lacked jurisdiction because it could hear only causes in which the matter in dispute, exclusive of costs, exceeded the sum of $5,000. At the time the case was decided, the accrued payments did not amount to the necessary $5,000, but the court held that, considering the expectancy of the lives of the parties, the prospective payments were sufficient to make up the deficiency. In denying that the claim to these payments was contingent, the court said: The decree "clearly and finally settles the obligation of the husband to contribute to the support of the wife and offspring, and fixes the amount of contributions required for the present to fulfil that obligation. The future payments are not in any proper sense contingent or speculative, although they are subject to be increased, decreased, or even cut off, as just indicated."

Appellees contend that the Thompson Case is distinguishable from the case at bar in that in that case the payments could only be stopped by an order of court, whereas here they are to terminate automatically upon appellant's remarriage. It is generally held that remarriage is a sufficient ground to modify an alimony or maintenance award, and, that being true, there is no distinction between future payments decreed in such a case and those claimed under contract such as in the case at bar, for in both cases the wife's volition to remarry is the basis for the change in obligation. We think the reasoning of the Thompson Case is applicable to the present situation, and that the present worth of the future pension payments is not to be deemed so contingent or speculative as to prevent its being taken into account in determining the value of the matter in controversy, notwithstanding such payments may be cut off by the appellant's remarriage.

The failure of the appellant to file a narrative form of testimony in the District Court within the time allowed by rule 38 of that court does not prevent our consideration of the testimony. Alliance Securities Co. v. Killits, 67 F.(2d) 480 (6 C. C. A.). Nor has the controversy here become moot. It is true that it was stated for appellant on the oral argument that she had no objection to settlements being made with other certificate holders, but she never waived her right to object to the threatened discontinuance of the payments to her according to the certificate which she holds, and appellees' promise to continue them cannot be accepted as nullifying the action taken by the brotherhood in convention.

The decree below is reversed, and the cause remanded for further proceedings.[1]

[1] Judge HICKENLOOPER participated in the conference decision, but this opinion was not prepared until after his death.