### KEYSER v. LYONS FINANCE SERVICE, Inc.

#### Civ. No. 10217.

United States District Court
E. D. Pennsylvania.

Feb. 20, 1950.

John O. Platt, Jr., Clark, Brown, Mc-Cown, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Frank A. Moorshead, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff has sued for $4,880. Defendant has filed a counterclaim for $3,000, which, in an answer thereto, has been admitted by plaintiff. It is clear, therefore, that plaintiff can recover no more than $1,880 in this action. Because the recovery will be limited to $1,880, defendant has filed a motion to dismiss the complaint on the ground that the court lacks jurisdiction, the grant of jurisdiction by Congress being limited to those cases "where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs". Judicial Code, Sec. 24(1), 28 U.S.C.A. § 1332.

Is the matter in controversy only $1,880 because the recovery can be only $1,880, or is the matter in controversy $4,880? There seem to be no decisions directly on the question involved in the present case. Nevertheless, it is clear that the matter in controversy is $4,880.

If plaintiff should win this case, he will obtain $1,880 in money from defendant. In addition thereto, he will obtain a discharge of his liability on the $3,000 promissory note, which defendant holds against him, and on which defendant has sued in his counterclaim. If plaintiff should lose, he not only will not obtain the $1,880, which he claims from defendant, but also he will be compelled to pay the $3,000 note which defendant holds against him. Therefore, although the amount of possible recovery in money is only $1880, the amount or matter in controversy between the parties is $4,880.

The counterclaim in this case arose out of a transaction which is separate from the transaction which is the subject matter of the original suit. In his complaint, plaintiff avers that he purchased certain shares of stock in the defendant corporation upon the oral agreement of the defendant to purchase the stock from plaintiff at the cost price. Plaintiff avers that he has offered the stock to defendant and demanded payment therefor and that payment has been refused. Defendant's answer not only denies the agreement to purchase the stock, but it also counterclaims on a demand promissory note for $3,000 which it holds against plaintiff. The note is dated prior to the beginning of the suit. It was given because of a loan from defendant to plaintiff, and was not given as part of the stock agreement transaction.

Because the counterclaim arose out of a transaction which was separate from the transaction upon which the original suit was brought, defendant had the choice of asserting its claim on the promissory note either by a new suit or by filing a counterclaim in the original suit. Rule 13(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Even though the defendant chose to file a counterclaim rather than a

new suit, the court, if it deems it convenient, can order the original suit and the counterclaim tried separately. Rule 42(b), Federal Rules of Civil Procedure. Therefore, although the original claim and the counterclaim have been joined in one action, it is obvious that there are really two suits, each one of which can be considered separately for jurisdictional purposes.[1]

Defendant cites Hiltz v. Atlantic Refining Co., D.C.E.D.Pa.1944, 57 F.Supp. 308, in which this court transferred a case to the admiralty docket because, from the pleadings, it was clear that the plaintiff could not recover more than $3,000. The Hiltz case is distinguishable from the present case in that in the former case there was no counterclaim. The complaint itself in the Hiltz case, together with Supreme Court decisions on the subject matter of the suit, made it clear that the plaintiff could not recover more than $3,000 even though the amount of the claim was for more than $3,000.

■ It is a well established rule that " * * * The specific amount demanded or claimed in good faith by plaintiff * * * is, in the first instance, regarded as the amount in dispute for jurisdictional purposes". 36 C.J.S., Federal Courts, § 310, p. 537. Defendant contends that plaintiff's claim in this case does not in good faith exceed $3,000. He argues that the lack of good faith is disclosed by the fact that plaintiff knew when he started the suit that defendant did not owe plaintiff more than $1,880, because of the existence of the note which defendant holds, and then held, against plaintiff.[2]

■ There is no rule of pleading which requires a plaintiff to give to a defendant in a complaint a credit for an indebtedness which arose out of a transaction which is separate from the subject matter of the original suit. Since there is no rule of pleading which requires plaintiff to plead the note which defendant holds against him and to give defendant a credit for the amount of it, there is no lack of good faith on the part of plaintiff because of his failure to mention the note in his complaint. The failure will not compel this court to refuse to take jurisdiction of the case.

The motion to dismiss the complaint is denied.

1. It is interesting to notice that although the amount of an admitted counterclaim cannot be subtracted from an original claim to divest a court of jurisdiction, the amount of a disputed counterclaim can be added to an original claim to confer jurisdiction. See Lee v. Continental Ins. Co., C.C.1896, 74 F. 424; Price & Hart v. T. J. Ellis & Co., C.C.E.D.1904, 129 F. 482; Central Commercial Co. v. Jones-Dusenbury Co., 7 Cir., 1918, 251 F. 13.

2. Shortly before the suit was started plaintiff's attorney wrote to defendant admitting the existence of the note and plaintiff's full liability thereon. This is admitted in plaintiff's answer to the counterclaim.