**Mrs. Sybille SCHEE, Plaintiff,**

v.

**Mrs. Robert PALMER, Defendant.**

**Civ. A. No. 820.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

June 1, 1960.

Lookadoo, Gooch & Lookadoo, McMillan & McMillan, Arkadelphia, Ark., for plaintiff.

N. L. Schoenfeld, Hot Springs, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This case is now before the court upon the plaintiff's motion to remand. The exact question presented is somewhat novel, and it is necessary to review the prior proceedings in order to fully understand the question at issue.

The plaintiff, Mrs. Sybille Schee, filed a complaint in the State Circuit Court, Clark County, Arkansas, on November 10, 1959, in which she sought to recover the sum of $10,000 for injuries received in an automobile collision with the defendant.

On December 1, 1959, the case was removed by the defendant, Mrs. Robert Palmer, to the United States District Court for the Western District of Arkansas, Hot Springs Division.

On December 4, 1959, this court remanded the case to the Circuit Court on its own motion on the ground that the amount claimed in the complaint was less than the jurisdictional requirement. After the case was remanded, the defendant on December 14, 1959, filed her answer in the state court, along with a counterclaim for $50,000. An amended and substituted answer and counterclaim was filed on February 5, 1960, in which the defendant sought damages in excess of $65,000.

On April 18, 1960, the following order of dismissal was entered by the Circuit Court:

"On this 18 day of April, 1960, this matter comes on to be heard and the parties appear by their attorneys of record, and counsel for the Plaintiff advised the Court that the Plaintiff's claim against the Defendant has been settled by the payment of Three Thousand, Two Hundred Fifty Dollars ($3,250.00) to Plaintiff and the agreement that the Defendant should pay the cost ac-

cruing to date herein, and that the Plaintiff's Complaint should be dismissed with prejudice, with the Defendant reserving such rights as she may have under her cross complaint.

"Wherefore, it is by the Court considered, ordered, adjudged, and decreed that the Plaintiff's Complaint be and the same is hereby dismissed at the cost of the Defendant with the Defendant reserving such rights as she may have under her Cross Complaint."

On April 29, 1960, the defendant and counterclaimant, Mrs. Robert Palmer, again removed the case to this court, alleging that the cause became removable on April 18, 1960, when the order of dismissal of plaintiff's complaint was entered in the Circuit Court.

On May 3, 1960, the plaintiff and counter-defendant, Mrs. Sybille Schee, filed a response to the defendant's petition for removal which will be treated as a motion to remand.

Therefore, the court is presented with the question of whether the order of the Circuit Court made the cause removable or, to state it more succinctly, whether a defendant and counterclaimant can remove a case on the basis of the damages alleged in the counterclaim after the plaintiff's complaint against the defendant has been dismissed.

The applicable removal statute is found in 28 U.S.C.A. § 1446, and provides:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In the consideration of the first removal, the court in its letter opinion, dated December 4, 1959, addressed to the attorneys for the parties, held in accordance with Ingram v. Sterling, D.C.W.D. Ark.1956, 141 F.Supp. 786, and cases therein cited, that the amount involved in a counterclaim, even though compulsory under state law, cannot be considered in determining the jurisdictional amount for purpose of removal; that in determining the amount in controversy in actions sought to be removed, the court to which removal is sought must determine the removability solely by looking at the amount in good faith prayed for as damnum in the complaint, regardless of subsequent events in the action. See Barnes v. Parker, D.C.W.D. Mo.1954, 126 F.Supp. 649, 651.

In Shamrock Oil & Gas Corp. v. Sheets, et al., 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, the court at page 104 of 313 U.S., at page 870 of 61 S.Ct. said:

"The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress

must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."

The removing defendant contends that when the Circuit Court entered the order dismissing the complaint of the plaintiff, that her counterclaim remained unadjudicated against the plaintiff and that the claim of the defendant, counterclaimant, became removable upon the entry of the order dismissing plaintiff's complaint.

Ark.Stat.Ann. § 27–1121 (1947), provides:

"The answer shall contain: * * *

"Third: A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language, without repetition."

Fed.R.Civ.P. 13(a), 28 U.S.C.A., provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *."

The counterclaim of the defendant, which she filed in the Circuit Court, arose out of the same transaction upon which the claim of the plaintiff against her was based, and it was thus compulsory under the statute of the State of Arkansas as well as under Rule 13(a), Fed.R.Civ.P.

In 1 Moore's Federal Practice, 2d Ed., Sec. 0.60(9), at page 663, it is stated:

"Removal on the basis of diversity is also geared generally to the original jurisdictional grant in Sec. 1332. The action must, therefore, involve an amount in controversy in excess of $10,000, exclusive of interest and costs. And, unless removal is warranted on the basis of a separate and independent claim, the same principles relative to complete diversity, applicable to an original action, apply."

It is apparent from a reading of the order of the Circuit Court of April 8, 1960, heretofore set forth, that the defendant did not desire to try her counterclaim in the Circuit Court, and evidently consented or at least did not resist the entry of the order of the Circuit Court. In fact, it appears from the order that the defendant paid the plaintiff $3,250 in settlement of her claim. When this amount was paid to plaintiff by defendant, the state court specifically reserved such rights as the defendant might have on her counterclaim against the plaintiff.

The court has been unable to find any decision where the precise question was determined, but to allow the defendant to settle the claim of the plaintiff and reserve her right to prosecute the counterclaim in the state court does not give her the right of removal. If the defendant in the state court seeks to change her status from that of defendant to that of plaintiff, she cannot remove her claim because removal is a privilege specifically reserved to defendant or defendants. On the other hand, if the defendant's status is a defendant, she cannot remove the action because the plaintiff's complaint to which she filed her counterclaim fixes the jurisdictional amount, and the amount of the counterclaim cannot be considered in determining the jurisdictional amount.

The court does not reach the question whether the defendant and counterclaimant could proceed in an original action in this court. Chicago, R. I. & P. R. Co. v. Stude, 8 Cir., 204 F.2d 954, affirmed 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317. In the present posture of the case, the court cannot ignore the plain attempt of the defendant, counterclaimant, to avoid the force and effect of the statutes and the many decisions interpreting them governing the right of removal.

Therefore, the motion to remand should be granted, and an order remanding the case to the Circuit Court within and for Clark County, Arkansas, whence it was removed is being entered today.