FINK AND COMPANY, an Oklahoma Trust, Plaintiff,

v.

The STANDARD INSURANCE COMPANY, a corporation, and Springfield Insurance Company, a corporation, Defendants.

No. 5580.

United States District Court
E. D. Oklahoma.

May 25, 1964.

Andrew Wilcoxen, Muskogee, Okl., for plaintiff.

Tom R. Mason, Bonds Matthews & Mason, Muskogee, Okl., for defendants.

DAUGHERTY, District Judge.

This matter is before the court on the motion of plaintiff to remand the case to state court because the amount in dispute is less than the jurisdictional amount.

The defendant has responded urging that the motion be denied and that this court retain jurisdiction.

Plaintiff filed a petition in state district court seeking a declaratory judgment to determine the correct calculation of a "setoff" claimed by the plaintiff against an account owed by plaintiff to the defendant pursuant to a "Profit & Production Incentive Agreement" entered into between the parties on January 1, 1961. Plaintiff alleges the account balance to be $16,037.30; admits $10,724.00 of the account is correct and offers to pay same; but states that it is entitled to a $5,313.00 "setoff"—being commissions earned for insurance written by the plaintiff for the defendant pursuant to the said incentive agreement—while defendant's calculations only show $86.00 so earned.

The defendant filed a petition for removal, stating that the amount owed is $16,361.93; that plaintiff acknowledges a balance owing of $10,724.60; that plaintiff's "setoff" is $86.00, not $5,-313.00, pursuant to said agreement; and that defendant will seek judgment against plaintiff for $16,275.93, there-

fore, more than $10,000 is in controversy.

■ The theory of the plaintiff's motion is that the amount in controversy is the difference between $5,313 and $86 and that this is controlled and disclosed by the pleadings when the petition for removal was filed. Further that the defendant cannot increase said amount by a counterclaim. Schee v. Palmer, D.C., 184 F.Supp. 175.

The defendant's theory, as the court understands it, is that it is necessary in ascertaining the jurisdictional amount involved to look to the defendant's potential recovery in view of the peculiarity of the declaratory action—especially since the effect of any judgment of the court for either party will exceed the jurisdictional amount.

The question that must be determined is what is the actual amount in controversy before the court. The answer, in the court's opinion, is the amount of the plaintiff's alleged "setoff" and, therefore, plaintiff's motion to remand is well taken for the reasons hereinafter stated.

The court recognizes defendant's argument for its sound legal reasoning, but finds, and so holds, that the law is to the contrary.

■ The right to remove a case from a state court to a federal court is purely statutory. Abernathy v. Consolidated Cab Co., D.C., 169 F.Supp. 831. It is well settled that the removal statute is to be strictly construed against the right of removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. Removability is determined as of the date when the petition for removal is filed and depends upon the case disclosed by the pleadings at that time. Woerter v. Orr, 10 Cir., 127 F.2d 969 and cases cited therein. Also, there is a strong presumption that the plaintiff in a state court claimed a small amount in order to deny jurisdiction in a federal court by removal. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

The plaintiff's petition reveals that its account in favor of the defendant is $16,037.30 (defendant says it is $16,-361.93) and plaintiff admits owing and will pay $10,724.60. Assuming defendant's figure is correct, the difference is $5,637.33, and the plaintiff says $5,313 is a legitimate "setoff", while defendant only acknowledges an $86. "setoff". The court can only conclude that the amount in controversy is, at most, $5,313. The $10,724.60 is not in controversy under plaintiff's petition and should not be considered.

■ The case of Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121, is helpful by analogy. In that case the defendant, alleging jurisdictional amount, sought to remove a state declaratory judgment action involving the question of whether coupons on a bond issued by the defendant should be paid in foreign or United States money. The court said the principal of the bond was not in controversy and could not be considered in determining the jurisdictional amount. Only the value of the coupons on the bond was in dispute and only their value could be considered. The case points out that a matter not in controversy cannot be considered in determining the jurisdictional amount. It is therefore clear that the $10,724.60 is not a matter in controversy, only the "setoff" is disputed and its full value is $5,313, which does not satisfy the jurisdictional amount requirement of more than $10,000.

The defendant cited Thomas v. General Electric Co., D.C., 207 F.Supp. 792 for the proposition that the value of the matter in controversy for jurisdictional purposes is to be tested by the value to the party who has the burden of proving the jurisdictional amount. The court agrees with the rule, but not defendant's interpretation and application of it to this case. The facts of that case reveal it to be a suit for an injunction which always creates numerous difficulties in determining the amount in controversy. See Annotation, 30 A.L.R.2d 602. But defendant's application of said rule herein would seem to ignore what the case

explicitly states—that is, that the determination of "the amont in controversy" cannot be made until "the matter in controversy" has been defined. And "[b]y matter in (controversy) is meant the subject of litigation,—the matter upon which the action is brought and issue is joined * * *." Smith v. Adams, 130 U.S. 167, 175, 9 S.Ct. 566, 569, 32 L.Ed. 895. It seems clear in this case that the "subject of litigation" is the plaintiff's "setoff" and its value is controlling.

Therefore, the motion to remand is hereby sustained and the case is remanded to the District Court of Muskogee County, State of Oklahoma, for further proceedings. The clerk of this court is directed to take the necessary steps to carry out this order.