**KANSAS CITY PHILHARMONIC AS-
SOCIATION, Plaintiff,**

v.

**GREYHOUND LINES, INC., Defendant.**

Civ. A. No. 15947-3.

United States District Court
W. D. Missouri, W. D.

Aug. 15, 1966.

Thomas J. Wheatley, of Kemp, Koontz, Clagett & Norquist, Kansas City, Mo., for plaintiff.

Thomas M. Sullivan, of Downey, Sullivan & McCormick, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER REMANDING CASE TO JACKSON COUNTY CIRCUIT COURT

BECKER, Chief Judge.

This case was originally filed in the Circuit Court of Jackson County, Missouri, on March 9, 1966. In the petition the plaintiff charged the defendant with negligence and breach of a charter contract of carriage for the transportation of plaintiff's musicians and other employees on a concert tour. The petition was in two counts. In the first count based upon breach of contract, the plaintiff alleged that it had been damaged in the sum of $12,736.27. In the second count based upon negligence under the res ipsa loquitur doctrine, the plaintiff alleged that it was damaged in the sum of $12,736.27. In each count plaintiff stated that it owed the defendant on the charter contract of carriage $2,-784.50. In each count the plaintiff prayed for the recovery of the sum of $9,951.77. The two counts appear to be alternative claims for the same damages for which a single recovery is permissible.

On March 30, 1966, the defendant filed its petition for removal on the ground of diversity of citizenship. On the same day defendant filed an answer and a counterclaim in which it sought recovery of the $2,784.50 which is the same sum for which credit is given to defendant in each count of the petition.

Diversity of citizenship is shown by the petition for removal.

The plaintiff has moved to remand this action to the state court on the ground that the amount in controversy does not exceed $10,000.00, exclusive of interests and costs. The motion to remand will be granted for the reasons hereinafter stated.

The first question to be determined is whether the amount of $2,784.-50, recovery of which is sought in the counterclaim, should be added to the amount of $9,951.77 in determining the jurisdictional amount because it is put in controversy by the counterclaim. The decision on this point is that the amount of the counterclaim should not be added or considered, regardless of whether the counterclaim is permissive or compulsory under state practice. Barnes v. Parker (W.D.Mo.1954) 126 F.Supp. 649. This is the majority view on that question. Wright on Federal Courts, page 105 note 6 and page 106 note 8; 76 Harvard Law Review 1369; 1 Barron & Holtzoff (Wright Ed.), § 24, pp. 117–118, § 104, pp. 487–489.

Since the amount of the counterclaim cannot be added to the sum prayed for, the next question is whether the averment in the state court petition of damages for the sum of $12,736.27 or the prayer for the sum of $9,951.77 determines the amount in controversy. The answer to this question is in favor of the lesser amount. Ordinarily, the plaintiff may intentionally avoid federal jurisdiction by praying for less than the $10,000.00 jurisdictional amount, even though he is entitled to more than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 593, 82 L.Ed. 845; 1A Moore's Federal Practice ¶ 0.158 pages 423, 424; Erwin v. Allied Van Lines, Inc. (W.D.Ark.) 239 F.Supp. 144 (1965).

This leaves one remaining question: Should the item of $2,784.50 mentioned as owing to defendant in plaintiff's petition in each count be added to the prayer of the petition in determining the jurisdictional amount because the petition is said to put this sum in controversy? The defendant claims that it should be added, on the theory that plain-

tiff is seeking and may recover $9,951.77, the sum prayed for, *and* discharge from the admitted liability of $2,784.50 in the event of recovery upon either count of the petition. This argument has the appearance of plausibility, but examination of the state rules of civil procedure discloses the unsoundness of this argument. Under the Missouri Rules of Civil Procedure the inclusion of the setoff in the petition is not authorized and should be stricken therefrom. See Mo.Civil Rule 55.33, V.A.M.R. Furthermore, the sum demanded in a claim for relief must be stated and governs the maximum allowable unless amended. Mo.Civil Rule 55.06. The debt of $2,784.50 was the proper subject of a counterclaim under the Missouri practice. Mo.Civil Rule 55.45. In fact, the debt has been asserted as a counterclaim in this action and admitted by plaintiff to be due in its reply to the counterclaim. Being in truth a counterclaim, the amount thereof should not be added to the prayer of the petition as demonstrated by the authorities cited above.

■ It is of no consequence that when the petition was drawn plaintiff may have thought that it could secure the discharge of the setoff in its claims for relief contained in the petition. Ordinarily, the plaintiff may avoid federal jurisdiction by praying for less than the jurisdictional amount. The prayer of the plaintiff ordinarily determines the jurisdictional amount where only money is sought. 1 Moore's Federal Practice, Sec. 0.91(1), at page 827 and other authorities cited above. There are no factors present here which make this rule inapplicable.

### Authorities Distinguished

Defendant relies strongly on the decision in Keyser v. Lyons Finance Co. (E.D.Pa.) 88 F.Supp. 816. This case is not in point because the complaint therein prayed for recovery of more than the jurisdictional amount, namely for $4,880.00, when the jurisdictional amount was over $3,000.00. So far as it is applicable, the *Keyser* case supports the

conclusion reached in this case in the following language:

"It is a well established rule that * * * The specific amount demanded or claimed in good faith by the plaintiff ' * * * is, in the first instance, regarded as the amount in dispute for jurisdictional purposes' ". 88 F.Supp. l. c. 818.

(Footnote 1 in the *Keyser* case is dictum and is not in accord with the weight of authority on the question of adding the amount of the counterclaim, the first question discussed herein. There was a counterclaim for $3,000.00 in the *Keyser* case but it was not necessary to add it to sustain jurisdiction. Nor was it proper to subtract it.)

■ Defendant also relies on Ringsby Truck Lines, Inc. v. Beardsley (C.A.8) 331 F.2d 14. This diversity case is inappropriate for the following reasons: (1) the complaint in this action was originally filed in the federal court alleging existence of the jurisdictional amount in controversy; (2) the defendant by timely motion challenged this averment; (3) the evidence showed that the jurisdictional amount was never in controversy; and (4) the case did not involve a claim for relief filed in the state court containing a prayer for less than the jurisdictional amount, reduced to avoid federal jurisdiction. The statutory policy applicable to avoiding federal jurisdiction is quite different from the policy applicable to attempts to create federal jurisdiction. 1A Moore's Federal Practice ¶ 0.158 pp. 421–423. As a result, in diversity cases filed originally in the federal courts the burden of proof is on the plaintiff to prove the presence of the jurisdictional amount, 1 Moore's Federal Practice ¶ 0.92 [3–1] pp. 838–840. On the other hand, in removed diversity cases the burden of proof is on the defendant to prove the presence of the jurisdictional amount. 1A Moore's Federal Practice ¶ 0.92 [3–2] pp. 840–841.

Lastly, defendant calls attention to Central Commercial Co. v. Jones-Dusenbury Co., 7 Cir., 251 F. 13 (1918) as

standing for the proposition that the demands of both the plaintiff and the defendant should determine the jurisdictional amount where the defendant has pleaded a setoff. But in that case, the only issue was whether the plaintiff had made his prayer for relief in good faith. Whereas here, there is no argument by the defendant that plaintiff is suing in bad faith for the $9,951.77. See also St. Paul Mercury Indemnity Co., supra, which rejects the plaintiff's-claim-plus-the-defendant's-claim theory at page 283: "* * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith".

For the foregoing reasons it is hereby

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri.

It is further

Ordered that Pretrial Order Form No. 1 entered herein be, and it is hereby, vacated because of lack of jurisdiction.