**FUTURAMA IMPORT CORPORATION,**
Plaintiff,

v.

**KAYSONS INTERNATIONAL OF MIAMI, INC., Kaysons International, Ltd., United Factors, Division of United Merchants and Manufacturers, Inc., Defendants.**

Civ. No. 556–68.

United States District Court
D. Puerto Rico.

Nov. 14, 1968.

Federico A. Cordero, Santurce, P. R., for plaintiff.

Salfavor Antonetti, Nachman, Feldstein, Laffite & Smith, San Juan, P. R., for United Merchants, etc.

Antonio M. Bird, San Juan, P. R., for Kaysons International of Miami, Inc. etc.

## ORDER

FERNANDEZ-BADILLO, District Judge.

This case was originally filed in the Superior Court of Puerto Rico, San Juan Part. It is a typical proceeding for a declaratory judgment and is so entitled by plaintiff. On August 29, 1968 co-defendant United Merchants and Manufacturers, Inc. filed a petition for removal invoking federal jurisdiction under 28 U.S.C. § 1331 and 48 U.S.C. § 863 on the ground that there exists complete diversity of citizenship between the parties on either side and the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and costs. There is no question that the requirement of diversity of citizenship has been met. The parties, however, have joined issue upon the existence of the jurisdictional sum. Plaintiff has moved to remand this proceeding to the Commonwealth court on the ground that

the amount in controversy does not exceed $10,000. The sole question to be determined is whether the amount involved is sufficient to clothe this Court with jurisdiction.

The complaint contains the following material allegations of fact:

(1) That plaintiff ordered merchandise from co-defendants Kaysons International of Miami, Inc. for the value of $16,417.80 and upon receipt part of the same was used and part defective;

(2) that United Factors Division of United Merchants and Manufacturers, Inc., to whom Kaysons International assigned its credits has claimed $16,194.87 from plaintiff on account of said merchandise;

(3) that plaintiff acknowledges that it owes $2,102.95 by reason of the commercial transactions had with Kaysons International of Miami, Inc.;

(4) that of the sum of $16,194.87 there must be deducted the total sum of $14,091.92.[1]

Plaintiff concludes its pleading by praying that the court enter judgment declaring that it owes defendant United Merchants and Manufacturers, Inc., only the sum of $2,102.95 and prohibiting each of the defendants from commencing any action against it to collect a sum in excess of $2,102.95 as a result of the transactions described in the complaint.

The petition for removal of United Merchants and Manufacturers, Inc. fixes the amount in controversy as the difference between the sum of $16,194.87 claimed by defendants and the sum of $2,102.95 admittedly owed by plaintiff, or the sum of $14,091.92.

Plaintiff sustains that such a theory is erroneous for it ignores the generally accepted rule that the jurisdictional amount must be determined from the vantage point of plaintiff. It is contended that taking plaintiff's viewpoint as yardstick for determining the amount in controversy the same results in the sum of $2,102.95 and the sum which defendant claims is due cannot be used to compute said amount.

◼◼◼ The present remedial action before the Court can be sustained, as noted before, on the requisite diversity of citizenship. Whether the jurisdictional limit is actually at stake here is to be decided. The long established rule is that in determining the amount in controversy the sum claimed by the plaintiff controls if the claim is apparently made in good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288; 58 S.Ct. 586, 82 L.Ed. 845 (1961). It is also clear that a matter not in controversy cannot be considered in determining the jurisdictional amount. The determination of the amount in controversy cannot be made until the matter in controversy has been defined. Fink and Company v. Standard Insurance Company, D.C., 229 F.Supp. 563 (1964).

◼◼◼ Since this is a removed diversity case when defendant United Merchants and Manufacturers, Inc. filed its petition for removal it assumed the burden of proving the jurisdictional amount. Kansas City Philharmonic Ass'n v. Greyhound Lines, Inc., D.C., 257 F.Supp. 941 (1966), Thomas v. General Electric Company, D.C., 207 F.Supp. 792 (1962).

Applying these principles to the instant case the Court, for the reasons to be stated, holds that the jurisdictional standards have been satisfied, and therefore, removal is not barred.

◼◼◼ The complaint of Futurama Import Corp. seeking declaratory relief while acknowledging that the sum of $2,102.95 is owed also alleges that defendant United Merchants Manufacturers, Inc. has claimed from plaintiff the amount of $16,194.87 for goods delivered and not paid. Complainant sets forth in its pleading various sums that allegedly must be deducted from the $16,194.87. The Court can only conclude that the amount of $2,102.95 admittedly owed by plaintiff is not at stake here. If plaintiff does not obtain judgment in its

---

1. This lump-sum of $14,091.92 is broken down by plaintiff in several items in paragraph 11 of the complaint.

favor it would still be bound to pay such sum. What amount is actually owed will be established by the evidence. If plaintiff is successful the judgment in its favor would bar any later claim by defendant for a sum in excess of $2,102.95 by discharging its liability on any other amount.

It is therefore clear that the disputed portion of the debt is the difference between the sum of $16,194.87 claimed by United Merchants and Manufacturers, Inc. and the $2,102.95 credited by plaintiff to said defendant. The difference is the sum of $14,091.92 which corresponds exactly with the sum total of the deductions alleged in paragraph 11 of the complaint.[2] It would contradict the allegations of the complaint itself to say that the present controversy involves only $2,102.95. This is not the measure. It should be clearly borne in mind that the Court, following the generally accepted rule, has determined the jurisdictional amount from the plaintiff's viewpoint as set forth in its pleading.

Finally plaintiff has argued in its memorandum that even if the requisite jurisdictional value were found to exist there are more powerful juridical grounds to sustain remand. Plaintiff attacks federal court jurisdiction on the ground that Public Law 808[3] of 1956 is unconstitutional in that it constitutes unilateral legislation approved by Congress which clashes with the creation of self-government within Puerto Rico achieved through Public Law 600 of 1950. It is unnecessary for the Court to dwell upon this matter for the defendant removing party in its petition for removal has predicated jurisdiction not only under 28 U.S.C. § 1332 but also under 48 U.S.C. § 863. The latter section definitely grants jurisdiction without being subject to the attack raised by plaintiff inasmuch as this provision was not unilaterally approved by Congress but adopted by the people of Puerto Rico through a referendum instrumented as part of the compact between Puerto Rico and the United States through the establishment of the Commonwealth of Puerto Rico.

The removing party having shown that the jurisdictional standards which give this Court authority to entertain diversity cases have been satisfied—

It is hereby ordered, adjudged and decreed that the Motion to Remand be and is hereby denied.

2. Plaintiff alleges that the following deductions should be made from the $16,194.87 that United Merchants and Manufacturers, Inc. has claimed, to wit: (a) $2,410.32 for merchandise that was never received; (b) $1,585 for merchandise that burned in the warehouse of the Transcarloading Corporation; (c) $621.60 as the product of a reduction in 777 units and a $475.00 credit for defective merchandise; and (d) $9,000 for used and/or defective merchandise.

3. Section 1332(d) of Title 28, U.S.C. was amended in 1956 by Public Law 808 to include the Commonwealth of Puerto Rico among the "states" as the word is used in said section.