**FAMILY MOTOR INN, INC.,**
Plaintiff,

v.

**L–K ENTERPRISES DIVISION CONSOL-
IDATED FOODS CORPORATION,**
Defendant.

Civ. No. 1695.

United States District Court,
E. D. Kentucky,
Covington Division.

Aug. 2, 1973.

Harry L. Riggs, Jr., Erlanger, Ky., for plaintiff.

Philip Taliaferro, Covington, Ky., Richard H. Compere, Chicago, Ill., for defendant.

MEMORANDUM

SWINFORD, District Judge.

This unfair competition action was commenced in Kenton Circuit Court and removed to this court pursuant to 28 U.S.C. § 1441(a). The dispute involves the parties' mutual use of the term "family" in connection with the operation of restaurants in the same locale. Attacking defendant's use of the term as a public deception and exploitation of plaintiff's good-will, the complaint seeks injunctive relief and unspecified damages. The defendant's petition for removal recites diversity of citizenship and alleges that the injunctive relief sought by plaintiff would subject L–K Enterprises to costs in excess of the $10,000 required for federal ju-

risdiction. The plaintiff contested jurisdiction through its "objection to petition for removal" which the court treated as a motion to remand in its order for the submission of briefs.

The plaintiff does not dispute the diversity element of federal jurisdiction; its argument also reveals no disagreement with the petition's allegations concerning the defendant's cost of complying with the relief sought. The sole issue involves the mode of determining the amount in controversy. The plaintiff argues that this analysis is made with reference to the damages sought and since the complaint requests injunctive relief only the requisite jurisdictional amount is absent. Defendant contends that the amount in controversy may be reflected in the anticipated costs of complying with the relief demanded by plaintiff.

Removal of diversity actions from state courts is governed by 28 U.S.C. § 1441 (a):

"(A)ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . ."

Section 1332(a) of the same Title outlines the elements of diversity jurisdiction:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,00ö, exclusive of interest and costs, and is between—(1) citizens of different states . . . ."

The problems generated by the application of the $10,000 requirement to complaints seeking injunctive relief have necessitated a special application of the jurisdictional statute:

"In injunction actions, the amount in controversy is not the amount which plaintiff might recover at law, but the value of the right to be protected or the extent of the injury to be prevented.

A problem which arises in the whole area of jurisdictional amount, but which is presented most acutely in the injunction cases, is whether the amount in controversy is the benefit to the plaintiff from the injunction or the cost to defendant of complying with it. Dean . . . Dobie . . . argued very forcefully that the courts should look only to the benefit to the plaintiff, the so-called 'plaintiff viewpoint' rule. There is support for this rule in the language of some decisions. Nevertheless some of the lower courts . . . continue to hold that the amount in controversy is the value to the plaintiff or the cost to the defendant, whichever is greater." 1 Barron & Holtzoff, Wright Ed., Section 24, at pp. 111–113.

Although the method of identifying the amount in controversy in injunction cases does vary with the forum, most courts have adopted the "plaintiff viewpoint" rule in actions commenced in federal court. 30 A.L.R.2d 602, 621.

The Sixth Circuit courts have generally adhered to the majority rule. Seeking declaratory and injunctive relief, the plaintiff in Goldsmith v. Sutherland, 6th Cir., 426 F.2d 1395 (1970), cert. denied 400 U.S. 960, 91 S.Ct. 353, 27 L.Ed.2d 270 (1970), challenged the army's refusal to allow free entry into a military base. The court relied on the accepted rule in affirming the dismissal of the action:

"(I)n injunction actions, the amount in controversy is not the amount that the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented." Id. at 1398.

In Pennsylvania R. Co. v. City of Girard, 6th Cir., 210 F.2d 437 (1954), a municipality sought injunctive relief and $1,000 in damages against a railroad for maintaining a nuisance. Raising the issue sua sponte, the court noted that jurisdiction depends "upon the value of the rights which plaintiff seeks to have protected . . . .", as well as the ac-

tual pecuniary damages sustained. Thus, the amount in controversy is measured by,

"the expense to which the plaintiff will reasonably be put through the years and by the value of the right sought to be protected." Id. at 439.

The majority rule was similarly applied in several earlier decisions: Pinkston v. Brotherhood of Locomotive Firemen and Enginemen, 6th Cir., 69 F.2d 600 (1934), affd., 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219 (1934), rehearing denied, 293 U.S. 632, 55 S.Ct. 211, 79 L.Ed. 717 (1934); Wisconsin Electric Co. v. Dumore Co., 6th Cir., 35 F.2d 555 (1929), cert. dismissed, 282 U.S. 813, 51 S.Ct. 214, 75 L.Ed. 728 (1931); Nashville, C. & St. L. Ry. Co. v. McConnell, M.D.Tenn., 82 F. 65 (1897).

The district courts within this Circuit have generally been content to restate the majority rule governing the ascertainment of damages in injunction cases. See Dixie Greyhound Lines, Inc. v. Elliott, W.D.Ky., 45 F.Supp. 953 (1942); Colony Coal & Coke Corporation v. Napier, E.D.Ky., 28 F.Supp. 76 (1939); Harris v. Brown, W.D.Ky., 6 F.2d 922 (1925); Illinois Cent. R. Co. v. Railroad Commission of Kentucky, E.D.Ky., 1 F. 2d 805 (1924). Perhaps the most rele-.vant of these earlier lower court decisions was Sunbeam Corporation v. Richardson, W.D.Ky., 144 F.Supp. 583 (1956), reversed on other grounds, 6th Cir., 243 F.2d 501 (1957). Confronted with an action brought to enjoin the defendant's noncompliance with the Kentucky Fair Trade laws, the court found it necessary to restate the characteristics of the jurisdictional amount requirement:

"In cases of this character the jurisdictional amount is not to be determined by the amount of sales and the amount of money derived therefrom but is based upon the value of the right to be protected; that is, the value of the property right the plaintiff possesses in the good will of its products. . . .

In unfair trade practices cases it is not the immediate pecuniary damages arising from the wrongful acts that are alleged but the value of the business or the rights which the plaintiffs claim to be protected. Business reputation and good will are intangible assets and are to be taken into consideration in determining that value." Id. at 587.

 There is no comprehensible reason to take issue with the majority rule that, in actions initiated in federal court for injunctive relief, the amount in controversy should be ascertained with reference to the plaintiff. However, the court questions the application of that rule to actions removed from a state forum. While there is normally little jurisdictional distinction between a removed case and one brought originally in the federal court, the special characteristics of certain disputes have generated several exceptions to this principle. For example, the amount in controversy is ordinarily determined with reference to the complaint, whatever the origin of the case; however, where the complaint is silent regarding monetary damages, the court may turn to the petition for removal.

"With respect to removability of a case from a state to a federal court, the jurisdictional amount is ordinarily that amount which is claimed by the plaintiff in his complaint and not that which is alleged in the defendant's petition for removal, but if the complaint does not set forth the amount in controversy, the court may look to the petition for removal." 32 Am.Jur. 2d "Federal Practice and Procedure" Section 162, at p. 605.

Noting the distinction between removed cases and those originally filed in this forum, the district court for the Western District of Kentucky held in Thomas v. General Electric Co., W.D. Ky., 207 F.Supp. 792 (1962), that the amount in controversy may be determined with reference to the defendant's anticipated monetary loss. In Thomas,

the complaint alleged that the defendant's practice of photographing employees at work was an invasion of privacy; injunctive relief and one dollar in damages were sought. Alleging an annual cost of $90,000 if relief were granted, defendant removed the action to federal court. Plaintiff argued through its motion to remand that the requisite jurisdictional amount was not reflected in the complaint and could not be satisfied by allegations in the petition for removal. Although the "plaintiff viewpoint" rule was recognized as the majority position, the court opined that the cases espousing that application were distinguishable from those involving actions removed from state court:

> "(I)t is apparent from the language quoted from the opinions that the value of the matter in controversy is to be tested by its value to the party who has the burden of proving jurisdictional amount. . . .
>
> . . . . . .
>
> When defendant . . . filed its petition for removal of this action . . . it assumed the burden of establishing the jurisdiction of this Court, and for that purpose the defendant would appear to have the same status as the plaintiffs in the Supreme Court cases reviewed here." Id. at 798.

While not cited, the principles outlined in Thomas were followed by implication in Biechele v. Norfolk & Western Railway Co., N.D.Ohio, 309 F.Supp. 354 (1969). There a class action for maintaining a nuisance was removed to the federal court. Although the "matter in controversy" was defined in the traditional manner, the rights of both parties were examined in connection with its application:

> "It appears to the Court that the right of each member of the class to live in an environment free from excessive coal dust and conversely, the right of defendant to operate its coal loading facility are both in excess of $10,000.00." Id. at 355.

The philosophy enunciated in Thomas has not been ignored in other decisions involving similar issues. Overruling the plaintiff's motion to remand, the court in Inman v. Milwhite Co., Inc., E.D.Ark., 261 F.Supp. 703 (1966), held that the complaint should not be the sole indice of jurisdictional amount:

> "(T)he plaintiff's viewpoint rule should not be applied automatically or exclusively in cases in which the choice of viewpoint is significant in relation to the presence or absence of jurisdictional amount. . . . (W)hen what a plaintiff stands to gain and what a defendant stands to lose are unequal, and where federal jurisdiction is invoked by the party standing to gain or lose more than his adversary the greater gain or the greater loss should be applied as the criterion of jurisdictional amount." Id. at 708.

The court in Fink and Company v. Standard Insurance Company, E.D.Okla., 229 F.Supp. 563 (1964), agreed with the reasoning in Thomas but declined to apply that rule to a removed action for damages:

> "The court agrees with the (Thomas) rule, but not defendant's interpretation and application of it to this case. The facts of that case reveal it to be a suit for an injunction which always creates numerous difficulties in determining the amount in controversy." Id. at 564.

The plaintiff's plans for interstate expansion revealed in the Interrogatories, as well as its current local operations, realistically indicate interests in excess of the jurisdictional amount. However, such a finding is unnecessary, as this court is persuaded by the cases discussed above that the "plaintiff viewpoint" rule should not be extended to actions removed from a state forum. Defendant has met its burden of demonstrating the sufficiency of the amount in controversy. Accordingly, an order will be entered overruling the plaintiff's "objection to petition for removal."